STATE v. FRITZ.

(Filed December 15, 1903.)

1. DUELING—*The Code, sec. 1012.*

The challenge to fight a fair fight with fists and hands and not to use any deadly weapon is not dueling.

2. AFFRAY—*Criminal Law.*

The fighting of two persons in the presence of seven persons constitutes an affray.

3. JURISDICTION—*Superior Court—Justices of the Peace—Dueling.*

Where there is an indictment in the superior court for an affense of which it has original jurisdiction, and a lesser offense is proved, it will retain jurisdiction, although it does not have original jurisdiction of the lesser offense.

4. DUELING—*Assault—The Code, sec. 1012—Acts 1885, ch. 68.*

A person indicted for dueling may be convicted of an assault.

5. PUNISHMENT—*Justices of the Peace—Superior Court—Jurisdiction.*

Where a person is convicted in the superior court of an offense of which a justice of the peace has jurisdiction, the punishment cannot exceed that which a justice of the peace could impose.

INDICTMENT against James Fritz, heard by Judge *B. F. Long* and a jury, at August Term, 1903, of the Superior

Court of McDowELL County. From a judgment of guilty on a special verdict, the State and the defendant appealed.

*Robert D. Gilmer, Attorney-General*, for the State.
No counsel for the defendant.

CLARK, C. J. The defendant and one Hollifield were indicted under The Code, section 1012, in that they "Did unlawfully and wilfully send and accept challenge to fight a duel, and did fight a duel." Fritz alone was on trial.

The jury returned the following fact found as a special verdict: "That in January, 1903, the defendants had a fight on Sunday on Buck Creek, McDowell County; that on the night before the fight Fritz came to John Padgett's house where Hollifield was and said he would fight Hollifield, offered to fight him then, but said he would meet him anywhere and fight fair. No time and place were agreed upon that night. Fritz came by Padgett's on this occasion cursing Hollifield and offering to fight; Hollifield sent Padgett to see Fritz next day and tell him to come down and fight; Padgett went and told Fritz what Hollifield said, and Fritz said he would come; the agreement was to meet at a certain corner tree about midway between where Hollifield was at Padgett's and place where Fritz was when witness Padgett delivered the message. The agreement was to fight a fair fight with fists and hands and not to use any deadly weapon. On the the morning of this day when Padgett delivered the message to Fritz and Fritz agreed to fight, Padgett told Hollifield or sent him word that Fritz would come and fight at the corner tree, and both did meet there that day, two persons coming with Padgett, and these with the others made seven persons, in whose presence, and in two minutes after meeting, they did fight with hands and fists and without the use of deadly weapons until one was pulled off the other. There was no

serious damage and both fought a fair fight, with fists and hands. If upon this state of facts the Court is of the opinion that the defendant is guilty of the offense with which he stands charged, the jury find him guilty, but if the Court is of the opinion that the defendant is not guilty, the jury find him not guilty." Upon these facts the Court instructed the jury to find the defendant not guilty of fighting a duel as charged, and they so find; and the Court further instructed the jury to find the defendant guilty of an affray under the bill, and they so found. Judgment was rendered that defendant be discharged as to fighting the duel. The State excepted and appealed. The Court adjudged that the defendant pay a fine of ten dollars and the costs as to the affray. Defendant appealed.

In the appeal by the State there is no error. Webster's International Dictionary defines "duel" to be "a combat between two persons, fought with deadly weapons by agreement." The Century Dictionary, Worcester's and Stormonth's give the same definition, as does also Black's Law Dictionary. Dueling was an offense at common law. 4 Bl. Com., 145. In 2 Bishop's New Criminal Law, section 313 (2), it is doubted whether the use of deadly weapons is essential to a duel, but the fighting must at least be upon such mutual agreement as permits one combatant to take the life of the other. 10 A. & E. Enc. (2 Ed.), 311. Both at common law and under our statute the offense is complete, although no casualty results. It is clear that here there was neither an invitation to, nor an engagement by agreement in, a deadly combat. If the parties felt that they were bound to fight it is to their credit that they both kept their agreement "to fight a fair fight and not to use any deadly weapon," and that no serious damage was done. The statute does not visit such conduct as this with deprivation of the privilege of holding "any office of trust, honor or profit in the State," without

benefit of "any pardon or reprieve to the contrary notwithstanding." The Code, section 1012.

In the appeal by the defendant there is likewise no error. The facts found certainly constituted an affray, which is a mutual fighting of two or more by consent in a public place. The presence of seven other persons made it a public place, but if in a private place it is still an assault. *State v. Baker,* 83 N. C., 650; Bouvier's Law Dict., "Affray." An affray consists of mutual assaults, of which one person, as in this case, may be convicted, where the other may be acquitted or not put on trial. *State v. Brown,* 82 N. C., 585. Dueling is simply an aggravated form of affray (4 Bl. Com., 145), and under such indictment the parties may be convicted of a mutual fighting by consent without deadly weapon. The charge gave jurisdiction to the Superior Court, which it retains, though the proof is of an offense of which a justice of the peace has jurisdiction, but on conviction of the simple assault the punishment must not be beyond that which a justice of the peace could impose. *State v. Ray,* 89 N. C., 587; *State v. Fesperman,* 108 N. C., 770. The charge of the greater offense warrants a conviction of a lesser one embraced in it, just as on an indictment for murder there can be a conviction of murder in the second degree or manslaughter, a principle which chapter 68, Laws 1885, extends to authorize a conviction of assault, if the evidence warrants it, though the prisoner is acquitted of the felony upon an indictment for any felony which includes an assault as an ingredient.

No error.