Harold Lee PLESS, Sr., Petitioner,

v.

STATE OF NORTH CAROLINA, COUNTY OF MECKLENBURG, Respondents.

No. C–C–78–208.

United States District Court, W. D. North Carolina, Charlotte Division.

Dec. 3, 1980.

Harry B. Crow, Jr., Monroe, N. C., for petitioner.

Richard N. League, Sp. Deputy Atty. Gen., N. C. Dept. of Justice, Raleigh, N. C., for respondents.

## FINAL ORDER

McMILLAN, District Judge.

Petitioner Harold Lee Pless, Sr., seeks a writ of habeas corpus, alleging primarily that he was denied effective assistance of counsel. He has also submitted several papers alleging approximately twenty other grounds for habeas relief. At a hearing in this court on November 17, 1980, petitioner's counsel argued and presented evidence only on the claim of ineffective assistance of counsel. Although petitioner's remaining claims appear to be without merit, his petition for a writ of habeas corpus is granted because of ineffective assistance of counsel.

### I. Facts.

Petitioner was indicted on May 1, 1978, by a Mecklenburg County grand jury on five counts of insurance fraud and two counts of conspiracy to commit insurance fraud. At his arraignment, he pleaded not guilty to all counts. On August 25, 1978, he was tried on three counts by a jury in Mecklenburg County Superior Court and was convicted on each count. He received sentences totaling six to ten years. On September 19, 1978, petitioner pleaded guilty to two counts of insurance fraud and one count of conspiracy, and the remaining insurance fraud case was dismissed as part of the plea bargain. He received two additional sentences totaling four to six years.

After petitioner's trial, his court–appointed attorney, Keith M. Stroud, on August 31, 1978, gave notice of appeal. He offered one assignment of error–insufficiency of the state's evidence to establish a *prima facie* case of fraud or conspiracy. The record on appeal was filed with the North Carolina Court of Appeals on January 26, 1979. On May 1, 1979, the Court of Appeals issued a decision dismissing petitioner's appeal be-

cause of his failure to file a brief, as required by Rule 13(a) of the North Carolina Rules of Appellate Procedure.

Petitioner's counsel, who was present but was not called by either side to testify at the November 17, 1980, evidentiary hearing in this court, has stated in an affidavit that he believed there was no error committed at trial. Hence he chose not to submit upon appeal an argument which he considered specious, if not frivolous. He stated that he sent a letter to the Court of Appeals on February 10, 1979, asking the court to review the record "for whatever errors may appear therein." A copy of that letter has been filed with this court, although no proof that it was ever received by the Court of Appeals has been offered. Petitioner's counsel did not state that he notified petitioner prior to submitting this "no–error" letter in lieu of a brief, but he did discuss the case after petitioner had learned that his case had been dismissed. He also said that he told petitioner that he would file a petition for a writ of certiorari if petitioner insisted, although counsel thought it would be fruitless.

Petitioner testified that he never authorized his attorney to drop the appeal in his case, nor did the attorney ever indicate that he would not undertake the appeal. Petitioner first learned that his appeal had been dismissed by reading about it in the North Carolina advance sheets in the prison library. He testified that he then called his attorney, who told petitioner that he had filed the brief, but that it had been lost in the mail. Petitioner said that his attorney told him he would file a petition for certiorari to the North Carolina Supreme Court, but that was never done.

There are other accounts of the failure to file a brief and subsequent dismissal. In his order of July 20, 1979, denying petitioner's motion for appropriate relief, Superior Court Judge C. E. Johnson stated:

"On today's date the undersigned inquired of Attorney Stroud regarding defendant's second contention. Attorney Stroud related that he had deposited the record on appeal and brief in the mail but apparently same was lost. Further, that he was filing certiorari to the Court of Appeals regarding this matter."

The state's attorney, Special Deputy Attorney General Richard League, stated in a letter to the court dated November 16, 1979, that petitioner's counsel had filed a brief with the record that was filed with the Court of Appeals. And in a letter dated May 1, 1980, Mr. League stated that "[a]nother member of our staff, however, was informed by Mr. Stroud that he ceased his efforts at the request of the petitioner." Defendants advanced none of these arguments at the evidentiary hearing, and they presented no other evidence.

II. Petitioner was denied effective assistance of counsel.

■ The failure of petitioner's counsel to file a brief, resulting in the dismissal of petitioner's appeal, deprived petitioner of effective assistance of counsel, in violation of the Fourteenth Amendment to the United States Constitution. Petitioner was entitled to complete representation by his court–appointed attorney and to full resolution of the merits of his claims by the North Carolina Court of Appeals. The Supreme Court, in *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), has held that an indigent criminal defendant's Fourteenth Amendment rights were violated where the court–appointed attorney, after concluding that the defendant's appeal was meritless, so advised the court and informed the court that the defendant would file his own brief. That defendant, Anders, requested appointment of another attorney, and the state denied his request. The Court of Appeals then unanimously affirmed his conviction. *Id.* at 739–40, 87 S.Ct. at 1397. The United States Supreme Court ruled: "The constitutional requirement of substantial equality and fair process can only be attained where counsel acts in the role of an active advocate in behalf of his client, as opposed to that of *amicus curiae*. The no–merit letter and the procedure it triggers do not reach that dignity." *Id.* at 744, 87 S.Ct. at 1400.

Although there are some factual differences between *Anders* and this case, the rationale of *Anders*—that indigent defendants are entitled to full and effective representation once an appeal has been filed—still applies. Like the petitioner in *Anders*, Mr. Pless filed an appeal through his court-appointed counsel. Mr. Pless, however, suffered even greater prejudice than the petitioner in *Anders*, for his attorney cited only one alleged error—the judge's failure to dismiss the case at the conclusion of the state's evidence for failure to establish a *prima facie* case. Such a conclusory allegation itself may constitute ineffective assistance of counsel. Moreover, Mr. Pless's appeal was never considered by the appellate court on the merits. The attorney in *Anders* informed his client that an appeal would be frivolous, but he told the client that he could file his own brief. The petitioner in *Anders* did file his own brief, and his case was dismissed on the merits. Petitioner's counsel here, however, never informed Mr. Pless that he did not intend to file a brief. Thus Mr. Pless was deprived of all opportunity to prosecute his appeal, which was dismissed on procedural grounds.

That petitioner's counsel allegedly found petitioner's appeal to be "specious, if not frivolous," does not absolve him of the responsibility of acting as an advocate. Where counsel decides that an appeal would be frivolous, he still has the duty to inform petitioner and the court of his decision and to be of more assistance to his client and the court. The *Anders* court has established guidelines for such situations:

"Of course, if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court *and request permission to withdraw. That request must, however, be accompanied by a brief* referring to anything in the record that might arguably support the appeal. *A copy of counsel's brief should be furnished the indigent* and time allowed him to raise any points that he chooses; *the court—not counsel—then proceeds*, after a full examination of all the proceedings, *to decide whether the case is wholly frivolous.* If it so finds *it*

*may* grant counsel's request to withdraw and dismiss the appeal insofar as federal requirements are concerned, or proceed to a decision on the merits, if state law so requires. On the other hand, if it finds any of the legal points arguable on their merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal."

*Id.* at 744, 87 S.Ct. at 1400 (emphasis added).

Petitioner's counsel did not comply with this procedure, and petitioner was deprived of effective assistance of counsel on his direct appeal. Although petitioner at his habeas corpus hearing did not show the possibility that his conviction would be set aside on direct appeal, he need not make such a showing to receive habeas corpus relief where the basis for relief is denial of counsel or denial of effective assistance of counsel. *Nelson v. Peyton*, 415 F.2d 1154, 1159 (4th Cir. 1969), *cert. denied sub nom. Cox v. Nelson*, 397 U.S. 1007, 90 S.Ct. 1235, 25 L.Ed.2d 420 (1970). With the assistance of counsel in re-examining the trial transcript, petitioner may possibly find other grounds entitling him to relief as well as evidence with which to explain and refine those grounds already alleged.

III. Petitioner's remaining claims for relief.

In several documents filed with the court since his initial application on July 11, 1978, petitioner has alleged approximately twenty other grounds for habeas relief. Petitioner did not offer evidence as to these grounds at the November 17, 1980, evidentiary hearing, and all appear to be without merit. Respondents have raised the defense that petitioner has failed to exhaust his state remedies with respect to several of the claims, but the court nonetheless may rule on the merits of such claims where the state has asked the court to reach the merits. *Jenkins v. Fitzberger*, 440 F.2d 1188 (4th Cir. 1971). For the following reasons, all of petitioner's remaining claims for relief are dismissed.

■ Petitioner alleges two claims related to his plea bargain: that he pleaded guilty to avoid the prosecution of his wife and that he pleaded guilty out of ignorance, fear, inadvertence, deceit and coercion. He has offered no evidence in support of these claims; and they do not, without more, constitute violations of his constitutional rights. They are therefore dismissed.

■ With respect to his pretrial treatment, petitioner alleges several claims for relief. He claims that he was not arraigned for one month; that he was denied a speedy trial; that his bond was set at $25,000 rather than lower because he would not turn state's evidence; that his co–defendants had much lower bonds; that the investigating officer searched his house without a warrant; that he was illegally interrogated; that he was illegally arrested; and that he was irregularly arrested. Petitioner's complaint that he was not arraigned for a month does not show a violation of his constitutional rights. Petitioner was not denied a speedy trial; he was brought to trial within four months of the formal charges of insurance fraud and conspiracy, and has shown no harm from any possible delay. His claims with respect to the amount of his bond do not constitute violations entitling him to relief. Petitioner's claim of illegal search is not cognizable in a habeas corpus proceeding. *Stone v. Powell*, 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976). Moreover, the evidence seized from him was suppressed at trial. Similarly, petitioner has not shown that any evidence taken from him through interrogation was used at trial. His claims of illegal and irregular arrest are lacking in factual basis and produced no evidence used to convict him. All of these claims are dismissed.

■ Petitioner next alleges several claims relating to selection and charging of the jury. He first claims that the jury was improperly constituted to discriminate against him, a black, on racial grounds. This claim is without merit, for three of the twelve persons on the jury were black. Petitioner has presented no factual or statistical evidence to support his claim of discrim-ination in jury selection. His contention that the jury was not instructed in accordance with N.C.G.S. § 15A–1052(c) is without merit because that statute deals with informing the jury of an immunity given a witness in exchange for his testimony and charging the jury with respect to interested witnesses. No such person testified in petitioner's case. Petitioner also claims that the trial judge gave the jury only one hour to bring back a verdict and that he expressed an opinion in the presence of the jury. Neither claim is supported by the evidence. Petitioner contends that the jury was allowed to examine materials and exhibits not in evidence, but he offers no evidence of this conclusory allegation. His claims with respect to the jury are dismissed.

■ Petitioner contends that he was charged with conspiracy to commit insurance fraud without proof as to the identity of the other conspirators. This allegation is factually incorrect, for the other conspirators were identified in the indictment. Petitioner also claims that the evidence against him was insufficient. The record in this case, however, appears sufficient to satisfy a rational juror of petitioner's guilt beyond a reasonable doubt, thereby meeting the constitutional standard of *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). These claims are dismissed.

■ Petitioner charges that he was indicted under the old law and sentenced under the new law, that no finding was made prior to sentencing him, and that his co–defendants received lighter sentences. Apparently, petitioner contends that he should have been sentenced under North Carolina's Presumptive Sentencing Act, N.C.G.S. § 15A–1340.1 *et seq.* This act, however, applies only to convictions occurring on or after July 1, 1980. There is no *constitutional* entitlement to a pre–sentence report. *Vines v. Muncy*, 553 F.2d 342, 350 n.26 (4th Cir.), *cert. denied*, 434 U.S. 851, 98 S.Ct. 163, 54 L.Ed.2d 120 (1977). Disparate sentences among co–defendants are not *per se* unconstitutional. *United States v. True-*

*love*, 482 F.2d 1361 (4th Cir. 1973). Hence petitioner's claims with respect to sentencing are dismissed.

Finally, petitioner's claim that he was denied promotion to minimum custody for no reason other than the false information that he was the cause of a prison department employee's high insurance rates is moot, because petitioner is now in minimum custody. This claim is dismissed.

Petitioner received sentences totaling six to ten years based upon his trial and conviction in Mecklenburg County. He received additional sentences totaling four to six years as a result of his pleas of guilty as to the remaining counts. In separate cases in Wake County, petitioner received consecutive sentences of two to three years and two to four years, respectively, to run concurrently with his sentences in the Mecklenburg County cases. It is possible that petitioner may be eligible for parole from the Wake County sentences after this writ of habeas corpus is granted; the court expresses no opinion on that question. This paragraph has been included in this order, however, to explain why, though the writ of habeas corpus is being issued, the actual release of the prisoner depends upon the resolution of the factors referred to in this paragraph.

Respondents are directed to advise the court and petitioner, by December 22, 1980, as to petitioner's then status with respect to liberty or time remaining to be served.

IT IS THEREFORE ORDERED:

1. That petitioner's application for a writ of habeas corpus is granted with respect to his claim of ineffective assistance of counsel. Counsel will confer and tender an appropriate judgment by December 15, 1980.

2. That petitioner's remaining claims are dismissed.