STATE OF NORTH CAROLINA v. FREDERICK A. NOBLE

No. 160PA89

(Filed 10 May 1990)

**1. Constitutional Law § 40 (NCI3d) — appointed attorney — appellate representation — compliance with Anders v. California**

Defendant's appointed counsel satisfied the requirements of *Anders v. California*, 386 U.S. 738, in an appeal from convictions for sexual offenses where he put six assignments of error in the record but did not argue any of them in the brief; he asked the Supreme Court to review the record on appeal to determine whether there was prejudicial error; he informed defendant that he could find no error in the trial or sentencing and would so indicate in his brief and that defendant could file a brief in his own behalf; and he appeared for oral argument of the case in the Supreme Court.

**Am Jur 2d, Criminal Law § 807.**

**2. Rape and Allied Offenses § 4 (NCI3d) — sexual offense victim — mental handicap — competency and relevancy of testimony**

An alleged sexual offense victim could properly testify that he was mentally handicapped because he was hit by a car and suffered a fractured skull. Furthermore, evidence of the victim's mental condition was relevant to prove an element of second degree sexual offense. N.C.G.S. § 14-27.5(a)(2).

**Am Jur 2d, Evidence §§ 251-253, 259.**

**3. Criminal Law § 95.1 (NCI3d) — corroborative evidence — failure to request limiting instruction**

The admission of corroborative evidence was not assignable as error where defendant failed to request a limiting instruction for such evidence.

**Am Jur 2d, Evidence § 500.**

**4. Criminal Law § 67 (NCI3d) — adequacy of voice identification**

A witness was properly permitted to testify that she heard defendant make a certain statement while he was in his house and she was in her yard where the witness had testified that she had heard defendant talk and could recognize his voice.

**Am Jur 2d, Evidence §§ 368, 1143.**

### 5. Criminal Law § 89.2 (NCI3d) — statement by a victim — admissibility for corroboration

Testimony by a witness that a sexual offense victim told him that defendant and another man had forced some kind of rod up his rectum was admissible to corroborate the victim's testimony.

**Am Jur 2d, Evidence § 500.**

### 6. Rape and Allied Offenses § 5 (NCI3d) — sexual offenses — sufficiency of evidence

The State's evidence was sufficient to support defendant's conviction of a first degree sexual offense and a second degree sexual offense where the victim testified that defendant held a knife to his throat and forced him to perform fellatio on defendant and that defendant and another person then removed his clothes and forced a curtain rod into his rectum.

**Am Jur 2d, Assault and Battery § 27.**

ON writ of certiorari to review the defendant's conviction and sentence of life imprisonment imposed by *Herring, J.,* at the 18 March 1982 Criminal Session of the Superior Court, CUMBERLAND County. Heard in the Supreme Court 15 March 1990.

The defendant was convicted of one charge of first degree sexual offense and one charge of second degree sexual offense. The charges were consolidated for sentencing and he received a sentence of life in prison. He appealed to this Court, which appeal was dismissed on 24 February 1983 for his failure to perfect it. On 15 August 1983 this Court denied the defendant's petition for certiorari. On 2 March 1989 the United States District Court for the Eastern District of North Carolina ordered that a writ of habeas corpus be issued unless the State of North Carolina afforded the defendant a belated direct appeal within sixty days or unless the State elected to retry the defendant within a reasonable time. On 19 April 1989 we allowed the defendant's petition for certiorari.

Mr. James M. Cooper, an attorney practicing in Fayetteville, North Carolina, was appointed to represent the defendant on this appeal and has filed a brief for him. He put six assignments of error in the record but did not argue any of them in the brief. In his brief he says he cannot find error in the case. He asks us to review the record on appeal to determine whether there

STATE v. NOBLE

[326 N.C. 581 (1990)]

is prejudicial error. Mr. Cooper appeared in court when this case was called for argument. He stated that he had visited with the defendant three times at the prison in which the defendant was incarcerated. He told the defendant that he could find no error in the trial or sentencing and would so indicate in his brief. He informed the defendant he could file a pro se brief assigning whatever errors he felt were appropriate. The defendant has not filed a brief.

*Lacy H. Thornburg, Attorney General, by Henry T. Rosser, Special Deputy Attorney General, for the State.*

*James M. Cooper for defendant appellant.*

WEBB, Justice.

[1] The first question posed by this appeal is whether the defendant has been afforded an appeal that comports with the requirements of *Anders v. California*, 386 U.S. 738, 18 L.Ed.2d 493, *reh'g denied*, 388 U.S. 924, 18 L.Ed.2d 1377 (1967). In *Anders* the defendant's court appointed attorney advised the appellate court by letter that he felt there was no merit in the appeal and would not file a brief. He told the court his client would file a brief on his own behalf. The client filed a brief. The appellate court found no error. The United States Supreme Court held this was not sufficient appellate representation under the fourteenth amendment to the United States Constitution. The Supreme Court said an appellate attorney should act as an advocate. It is not enough that he finds no merit in the appeal. He must determine that an appeal would be frivolous before he is excused from filing a brief. If he determines that the appeal is frivolous he should so inform the court and even then he must refer to anything in the record that might arguably support the appeal. He must inform his client that he will not assign error and give the client an opportunity to file a brief in his own behalf. The court must then determine if the appeal is frivolous. If the court determines that any of the legal points are arguable on their merits, counsel must be appointed to brief these points.

. We believe the defendant's attorney in this case has complied with *Anders*. By putting six assignments of error in the record he has called our attention to what he believes are issues that might arguably support an appeal. By not arguing the assignments of error in the brief he has let us know he feels an appeal based on these legal points would be frivolous. We can determine whether

such an appeal would be frivolous. He has notified his client that he can file a brief in his own behalf.

[2] We have examined the six assignments of error in the record and we agree with the defendant's attorney that an appeal based upon them would be frivolous. The first assignment of error dealt with the fact that the prosecuting witness was allowed to testify that he was mentally handicapped because he was hit by a car and suffered a fractured skull. The defendant said the witness was a lay person not qualified to give this expert testimony. In *State v. Nall*, 211 N.C. 61, 188 S.E. 637 (1936), we held it was error for the defendant not to be allowed to testify that he had been hit in the head with a baseball bat and an axe and that measles had settled in his head which had a bad effect on his mind. We believe, based on *Nall*, that the testimony by the prosecuting witness in this case was admissible. *See also State v. Taylor*, 290 N.C. 220, 226 S.E.2d 23 (1976), and *State v. Hammonds*, 290 N.C. 1, 224 S.E.2d 595 (1976). An appeal based on this assignment of error would have been frivolous.

The second assignment of error in the record contends that prejudice to the defendant from evidence that the victim was mentally handicapped greatly outweighed any probative value the evidence might have in violation of N.C.G.S. § 8C-1, Rule 403. Rule 403 did not become effective until 1 July 1984 and does not apply to this case. In any event this evidence of the victim's mental condition was relevant. Mental defectiveness of the victim is an element of second degree sexual offense. N.C.G.S. § 14-27.5(a)(2) (1979). We hold it would have been frivolous to have argued this assignment of error.

[3] In the next assignment of error in the record the defendant contends that hearsay testimony was improperly admitted. Shortly after the incident occurred for which the defendant was tried, the victim was taken to the emergency room at Cape Fear Valley Hospital where he was treated by Dr. James Bundy for a perforated rectum. The defendant contends Dr. Bundy should not have been allowed to testify that the victim told him that two men had forced an iron rod into his rectum. The trial of this case occurred before the adoption of N.C.G.S. § 8C-1, Rule 803(4) which provides for an exception to the hearsay exclusion for statements made for purposes of medical diagnosis or treatment. This testimony of Dr. Bundy corroborated the testimony of the prosecuting witness. The

defendant objected to it but he did not request a limiting instruction. When a party does not request a limiting instruction to corroborating evidence he cannot assign error to it. *State v. Bryant*, 282 N.C. 92, 191 S.E.2d 745 (1972). It would have been frivolous to have brought forward this assignment of error.

**[4]** The fourth assignment of error in the record deals with the testimony of Pamela Crawford, the victim's sister. She testified she was in her yard the day of the incident when she heard the defendant, who was in his house, say "blow hard, blow hard." She said before this time she had heard the defendant talk and could recognize his voice. It was not error to allow this testimony. *See State v. Williams*, 288 N.C. 680, 220 S.E.2d 558 (1975), and *State v. Poplin*, 56 N.C. App. 304, 289 S.E.2d 124, *cert. denied*, 305 N.C. 763, 292 S.E.2d 579 (1982), for the adequacy of voice identification to make such identification admissible.

**[5]** The fifth assignment of error deals with the testimony of Joseph Richardson who testified over objection that the victim told him the defendant and another man had raped him by forcing some kind of rod up his rectum. The judge instructed the jury to consider this testimony only in corroboration of the victim's testimony if they found it corroborated his testimony. The victim testified to the same thing. There was clearly no error in this testimony. *State v. Elkerson*, 304 N.C. 658, 285 S.E.2d 784 (1982).

**[6]** The last assignment of error in the record deals with the overruling of the defendant's motion to dismiss at the close of the evidence. The prosecuting witness testified that the defendant was his neighbor and that he was in the home of defendant when the defendant accused him of telling people the defendant was a "faggot." The prosecuting witness testified further that the defendant, with the aid of another person, forced him to perform fellatio on the defendant. He testified that the defendant held a knife at his throat while he performed the fellatio. The prosecuting witness testified further that after he had been forced to perform fellatio the defendant and the other person removed his clothes and forced a curtain rod into his rectum. This testimony was sufficient for the jury to convict the defendant of a first degree sexual offense and a second degree sexual offense. *State v. DeLeonardo*, 315 N.C. 762, 340 S.E.2d 350 (1986); *State v. Locklear*, 304 N.C. 534, 284 S.E.2d 500 (1981). It would have been frivolous to bring forward this assignment of error.

We have examined the record for other possible error and have found none.

No error.