STATE OF NORTH CAROLINA v. KEVIN RICHARD BENNETT

No. 904SC286

(Filed 7 May 1991)

1. **Constitutional Law § 318 (NCI4th)— counsel on appeal—failure to comply with Anders v. California**

   Defendant's counsel failed to satisfy the requirements of *Anders v. California*, 386 U.S. 738, in an appeal from convictions for two narcotics offenses where the attorney filed a brief stating that he had reviewed the trial transcript and could find no basis for arguing reversible error; the attorney brought forth two possible assignments of error without supporting argument or citations of authority; the attorney filed an inadequate record on appeal which contained no judgment or commitment for one case and no order denying a motion

STATE v. BENNETT

[102 N.C. App. 797 (1991)]

to suppress an in-court identification; although defendant's attorney sent to defendant by certified mail the transcript, his brief, the state's brief, the record as originally constituted, and a letter informing defendant of his right to file a brief, the record sent to defendant did not contain sufficient court documents to permit defendant to conduct his own review of the case; and the attorney has failed to comply with directives by the Court of Appeals to correct the defects in the record on appeal and to serve on defendant the addendum to the record on appeal.

Am Jur 2d, Criminal Law §§ 732 et seq.; 807, 809.

Supreme Court's views as to accused's federal constitutional right to counsel on appeal. 102 L.Ed. 2d 1049.

2. Appeal and Error § 510 (NCI4th)— Anders v. California appeal—attorney's failure to file proper record—sanctions—denial of fee—payment of costs

An attorney who filed a brief referring to two possible assignments of error without argument pursuant to *Anders v. California*, 386 U.S. 738, was subject to sanctions under Appellate Rule 34 for his gross disregard of the requirements of a fair presentation of the issues to the Court of Appeals where the attorney filed in the Court of Appeals a defective record on appeal that failed to include the judgment and commitment for one case and the order denying suppression of identification testimony, and the attorney failed to respond to an explicit directive by the Court of Appeals to cure the defects in the original record on appeal and to serve the addendum to the record on the defendant. Therefore, the attorney is directed pursuant to Appellate Rule 34 to show cause in writing as to why he should not be denied any fee for his representation of defendant in this appeal and required to reimburse the state for any fees already paid to him, and the costs of the appeal are taxed personally against the attorney pursuant to Appellate Rule 35(a).

Am Jur 2d, Attorneys at Law §§ 56 et seq.; 243.

APPEAL by defendant from judgment entered 7 November 1989 in ONSLOW County Superior Court by *Judge James R. Strickland*. Heard in the Court of Appeals 14 November 1990.

Defendant was arrested and charged with sale and delivery of cocaine and possession of cocaine with intent to manufacture, sell and deliver. Defendant offered a plea of guilty to the charges, which was not accepted by the court after defendant responded negatively when the judge asked him whether he was in fact guilty.

At trial, the State's evidence tended to show that defendant approached a volunteer informant who was sitting in a car on 6 August 1988 and drove with him to meet another man. Defendant spoke with this other man briefly, then returned to the car with three rocks of crack cocaine. The police informant gave defendant forty dollars and was given the rocks. Defendant then left the car, and was arrested after the informant radioed a description to police officers.

Defendant's evidence tended to show that the informant and arresting officer did not describe defendant's clothing on the night of the arrest with complete accuracy. Defendant also testified that he had never met or seen the informant before. He had been drinking that night, but he did not use or sell drugs. An alibi witness also testified, corroborating defendant.

The jury returned a verdict of guilty on both counts. After a sentencing hearing in which the court found defendant's prior history of arrests to be a factor in aggravation and no factors in mitigation, defendant was sentenced to a total of ten years in prison for the two offenses. From judgment on the verdict, defendant appeals.

*Attorney General Lacy H. Thornburg, by Associate Attorney General Joseph P. Dugdale, for the State.*

*Popkin and Associates, by Samuel S. Popkin, for defendant-appellant.*

WELLS, Judge.

[1] Defendant's attorney has filed a brief with this Court in which he states: "The undersigned has reviewed said trial transcript and could find no basis for arguing any reversible errors." He has brought forth two assignments of error, but has not argued them or cited any authority dealing with these points of law, stating he "could find no basis for arguing in support" of these assignments.

The first issue before us, then, is whether this appeal complies with the requirements of appellate advocacy in criminal cases as set out in *Anders v. California*, 386 U.S. 738, 18 L.Ed.2d 493, *reh'g denied*, 388 U.S. 924, 18 L.Ed.2d 1377 (1967), and further defined in *State v. Kinch*, 314 N.C. 99, 331 S.E.2d 665 (1985), and *State v. Noble*, 326 N.C. 581, 391 S.E.2d 168 (1990). In *Kinch* and *Noble*, our Supreme Court held that the filing of a brief which referred only to possible assignments of error without argument was sufficient notice that counsel had determined the appeal to be frivolous, and was asking for permission to withdraw and have the Court conduct an independent inquiry into whether the appeal was in fact frivolous. Counsel in this case has filed such a brief. Despite two orders from this Court, however, he has yet to file an adequate record for review, or provide sufficient evidence that he has adequately notified his client of his intentions by supplying him with the necessary documents to conduct his own review of the case.

Though the transcript reveals that defendant was found guilty and received a three-year sentence, the record before us does not contain the judgment and commitment in case number 89CRS13752 on the charge of possession with intent to manufacture, sell and deliver a controlled substance. More importantly, the record only indicates that defendant's counsel sent the transcript, his brief, the State's brief and the record as originally constituted by certified mail along with a letter informing defendant of his right to file a brief. This record did not contain the pertinent court documents for the two charges defendant was found guilty of, and in fact contained the judgment disposing of case number 89CRS13753, in which the trial court directed a verdict of not guilty. It also failed to include a court order denying a motion to suppress an in-court identification (we are aware that the transcript states that the order is attached to it, but no such order is attached). These documents are vital to any consideration of whether this appeal has any arguable merit. According to the record transmitted to defendant, we are being asked to consider the merits of an appeal from a charge of which he has been found not guilty.

"Where counsel decides that an appeal would be frivolous, he still has the duty to inform petitioner and the court of his decision and to be of more assistance to his client and the court." *Pless v. State*, 502 F. Supp. 438 (W.D.N.C. 1980), *aff'd*, 673 F.2d 1315 (4th Cir. 1982). *Anders*, as interpreted by *Kinch* and *Noble*, imposes certain requirements on an attorney before a request to

STATE v. BENNETT

[102 N.C. App. 797 (1991)]

withdraw from an appeal may be granted. One of these requirements must be to serve on this Court and the defendant-appellant a minimally adequate record for review. Counsel in this case has not done so. We therefore decline to rule on whether this appeal is frivolous.

On 7 February 1991, this Court issued the following order:

This Court, having reviewed the record, transcript, and briefs submitted by counsel and having determined that they are insufficient for appellate review and do not comply with the requirements of *Anders v. California*, 386 U.S. 738, 18 L.Ed.2d 493 (1967), DOES HEREBY ORDER *ex mero motu* the following: Within fifteen days of the date of this order, counsel for defendant shall file with this Court an addendum to the record which shall contain the judgment and commitment in case number 89CRS13572 [sic] on the charge of possession with intent to manufacture, sell and deliver a controlled substance and which shall contain the order overruling defendant's objection to the in-court identification by Donald Gray.

It is further ORDERED that within fifteen days of the date of this order, counsel for defendant shall serve upon defendant and opposing counsel copies of the above ordered addendum and the addendum to the record filed with this Court on 26 October 1990. Additionally, counsel for defendant shall within fifteen days of this order serve upon defendant a copy of this order. Proof of service on defendant of these documents shall be filed by counsel with this Court.

Defendant shall have forty-five days from the date of the service of the documents listed above to file a *pro se* brief with this Court.

Defendant's counsel has filed a copy of the required order, and the judgment in case number 89CRS13752 on the charge of sale and delivery of cocaine, which had already been filed with this Court. The required proofs of service on defendant have not been filed. Due to counsel's failure to adhere to this last order of this Court, we remand this case to the Superior Court of Onslow County for a hearing at which Samuel S. Popkin shall appear to show cause why he should not be removed as counsel, and substitute counsel appointed. *See State v. Lewis*, 348 S.E.2d 347 (1986). Substitute counsel shall have sixty days from the date of appointment to serve a proposed record on appeal, and the State shall

have thirty days in which to respond. The appeal shall then proceed in accord with the the North Carolina Rules of Appellate Procedure.

[2]   Finally, we deem it appropriate in this case to sanction defendant's counsel for his gross disregard of the requirements of a fair representation of the issues to the Court in the initial filing of this appeal, and his failure to respond to an explicit directive of this Court to cure the defect. Pursuant to Rule 34 of the North Carolina Rules of Appellate Procedure, we direct that within not more than thirty days from the certification of this opinion, Samuel S. Popkin shall show cause in writing as to why he should not be denied any fee for his representation of defendant in this appeal and be required to reimburse the State of North Carolina for any fees he may have been paid for his representation of defendant in this appeal. *See Commonwealth v. McFarland*, 386 Pa. Super. 91, 562 A.2d 369 (1989).

Pursuant to Rule 35(a) of the North Carolina Rules of Appellate Procedure, the costs of this appeal incurred in the Court of Appeals shall be taxed personally against Samuel S. Popkin, attorney for the defendant-appellant.

Remanded.

Judges JOHNSON and COZORT concur.