IN THE MATTER OF: MARGARET KAY MAY, DOB: 06-19-89

No. COA01-1544

(Filed 1 October 2002)

**1. Appeal and Error— Anders brief—service on juvenile**

In an appeal decided on other grounds, it was noted that service of Anders documents on a juvenile was insufficient where the documents were not served on the juvenile's parents, guardian, or custodian.

**2. Assault— simple affray—private property**

The trial court should have dismissed a charge of simple affray against a juvenile which arose from a fight in the front yard of a house used as a group home for as many as eight children. Every indication in the record was that the home was private property and not a place which the public had the right to use.

Judge HUNTER dissenting.

Appeal by juvenile from order filed 28 August 2001 by Judge Ernest J. Harviel in Alamance County District Court. Heard in the Court of Appeals 20 August 2002.

*Attorney General Roy Cooper, by Assistant Attorney General Bart Njoku-Obi, for the State.*

*Benjamin M. Turnage for the Juvenile Appellant.*

GREENE, Judge.

Margaret Kay May (Juvenile) appeals from an order dated 28 August 2001 adjudicating her as a delinquent juvenile on a petition alleging simple affray in violation of N.C. Gen. Stat. § 14-33(a).

On 1 August 2001, Juvenile, an 11-year-old child and a resident of the Alamance Multiple Purpose Group Home (the Home), was involved in an altercation with another resident of the Home. The Home is located in a house in a residential community and has space for eight children. What began as an argument escalated into pushing and shoving and finally into grabbing each other, pulling hair, and scratching. The incident took place while the assailants and several others were walking in an open area in the front yard of the Home. A staff counselor at the Home intervened but was unable to stop the fight. A second counselor managed to separate the two children, but the fight quickly resumed. Ultimately, police were called, and the fight ended.

At the hearing on 23 August 2001, the State presented testimony from the two counselors. At the close of the State's evidence, Juvenile moved to dismiss the charge and that motion was denied. No evidence was presented on Juvenile's behalf. Subsequently, the trial court found the allegations in the petition to be "proven . . . beyond a reasonable doubt" and adjudicated Juvenile as a delinquent juvenile.

Juvenile's attorney, unable to identify any issue with sufficient merit to support a meaningful argument for relief on appeal, filed an *Anders* brief asking this Court to conduct its own review of the record for possible prejudicial error. Attached to the *Anders* brief is a copy of a letter the attorney, according to his brief, states he mailed to Juvenile informing her of her right to "submit to the Court any written arguments [she] believe[d] to have merit." The letter also indicates the attorney furnished Juvenile copies of the *Anders* brief, the transcript of the trial proceedings, and the record on appeal. There is nothing in the letter indicating the brief and other documents were served on the parents of the Juvenile or some other person having custody of the Juvenile.

**IN RE MAY**

[153 N.C. App. 299 (2002)]

The issues are whether: (I) *Anders* reviews are appropriate in juvenile delinquent proceedings; if so, (II) adequate notice of the *Anders* filing was given to the necessary parties; and (III) the fight occurred in a public place.

I

In 1967, the United States Supreme Court held that an attorney for an indigent criminal defendant, who after a conscientious examination of the record believes an appeal of his client's conviction would be "wholly frivolous," may so advise the appellate court in a brief to that court "referring to anything in the record that might arguably support the appeal." *Anders v. California*, 386 U.S. 738, 744, 18 L. Ed. 2d 493, 498 (1967); *see State v. Kinch*, 314 N.C. 99, 331 S.E.2d 665 (1985). The appellate court, after a full examination of the proceedings, is to then decide whether the appeal is wholly frivolous or has some merit. *Anders*, 386 U.S. at 744, 18 L. Ed. 2d at 498; *Kinch*, 314 N.C. at 102, 331 S.E.2d at 667. The *Anders* brief, as it has come to be known, is grounded in the due process and equal protection clauses of the United States Constitution and assures an indigent defendant the "same rights and opportunities on appeal . . . as are enjoyed by those persons who are in a similar situation but are able to afford the retention of private counsel." *Anders*, 386 U.S. at 744-45, 18 L. Ed. 2d at 498-99.

Although a juvenile delinquency proceeding is not for all purposes treated as a criminal proceedings, the United States Supreme Court has held a juvenile alleged to be delinquent is entitled to "the essentials of due process." *Kent v. United States*, 383 U.S. 541, 562, 16 L. Ed. 2d 84, 97-98 (1966). Essentials of due process have been determined to include the right to appointed counsel, the right against self incrimination, and the right to timely notice of the allegations. *In re Gault*, 387 U.S. 1, 18 L. Ed. 2d 527 (1967). The essentials of due process also include the right and opportunity of an indigent juvenile to have her case presented on appeal. *Gilliam v. State*, 808 S.W.2d 738, 740 (Ark. 1991); *see also State v. Berlat*, 707 P.2d 303, 307 (Ariz. 1985) (due process and right to counsel extend to a juvenile's first appeal as of right). Thus, an attorney for an indigent juvenile adjudicated to be delinquent may file an *Anders* brief in the appellate courts of this state.

In this case, the attorney for the Juvenile has filed an *Anders* brief requesting this Court to "conduct a full examination of the record on appeal for possible prejudicial error." Additionally, the brief notes the

**IN RE MAY**

[153 N.C. App. 299 (2002)]

failure of the trial court to dismiss the petition on the grounds the affray did not occur in a public place might arguably support the appeal.

## II

[1] The *Anders* court held that a copy of the "counsel's brief should be furnished the indigent and time allowed [her] to raise any points that [she] chooses." *Anders,* 386 U.S. at 744, 18 L. Ed. 2d at 498. Furthermore, this Court has held, in applying *Anders,* the defendant is entitled to all documents "necessary" for her to conduct her own review of the case. *State v. Mayfield,* 115 N.C. App. 725, 726, 446 S.E.2d 150, 152 (1994) (citing *State v. Bennett,* 102 N.C. App. 797, 800, 404 S.E.2d 4, 5 (1991)). The documents deemed "necessary" for the review include the transcript, the record on appeal, the appellate brief filed by the defendant's attorney, and the appellate brief filed by the State in response. *See Bennett,* 102 N.C. App. at 800, 404 S.E.2d at 5. The attorney also must provide the defendant with a letter informing her of her right to file a brief or other writing in the appellate court, and that letter must be filed in the appellate court. *See Kinch,* 314 N.C. at 101, 331 S.E.2d at 666.

A delinquent juvenile includes any person "less than 16 years of age but at least 6 years of age." N.C.G.S. § 7B-1501(7) (2001). It is thus unlikely the juvenile will appreciate the merits of the appeal filed by her attorney. Accordingly, in a juvenile delinquency appeal where the attorney for the juvenile has filed an *Anders* brief, the attorney must provide the "necessary" documents and letter to the juvenile and her parents, guardian, or custodian.[1] *Cf.* N.C.G.S. § 7B-1807 (2001).

In this case, the attorney served a copy of the necessary documents on Juvenile, along with the required letter.[2] There is no indication in the record service of the "necessary" documents and letter have been made upon Juvenile's parents, guardian, or custodian. This lack of service would ordinarily require us to enter an order directing the required service and delay review of this appeal until that service is completed and those persons have had an opportunity to file briefs in this Court. *See Bennett,* 102 N.C. App. at 801, 404 S.E.2d at 5.

---

1. Neither the Department of Social Services nor the State are to be considered a custodian of the juvenile for the purposes of service of the *Anders* documents.

2. In this case, Juvenile's attorney did not file this letter in our Court. He did attach a copy of that letter to his brief, and we accept that in this case as sufficient compliance with *Anders.* The better practice, however, is to file the letter in this Court, along with a certificate of service. *See* N.C.R. App. P. 26(d).

Because, however, the record reveals the trial court erred in failing to dismiss the petition filed against Juvenile based on the insufficiency of the State's evidence, the order of the trial court adjudicating Juvenile a delinquent juvenile must be reversed.

## III

[2] A simple affray has been defined "as a fight between two or more persons in a public place so as to cause terror to the people." *In re Drakeford*, 32 N.C. App. 113, 118, 230 S.E.2d 779, 782 (1977) (citing *State v. Huntley*, 25 N.C. 418 (1843)). A public place is defined to be

> A place to which the general public has a right to resort; not necessarily a place devoted solely to the uses of the public, but a place which is in point of fact public rather than private, a place visited by many persons and usually accessible to the neighboring public.

*Blacks Law Dictionary* 1231 (6th ed. 1990).

In this case, the fight occurred in the front yard of a house that was being used as a home for as many as eight children located in a neighborhood. Every indication in the record is that the Home was private property and not a place which the public had a right to resort or use. Accordingly, the trial court should have allowed the motion to dismiss.

Reversed.

Judge TIMMONS-GOODSON concurs.

Judge HUNTER dissents.

HUNTER, Judge, dissenting.

I respectfully dissent from the majority opinion's conclusion that the trial court should have allowed the motion to dismiss against Juvenile. Specifically, I take issue with the majority's conclusion that the physical altercation between Juvenile and another resident of the Home did not occur in a public place.

As stated in the majority opinion, a simple affray has clearly been defined "as a fight between two or more persons in a public place so

as to cause terror to the people." *In re Drakeford*, 32 N.C. App. 113, 118, 230 S.E.2d 779, 782 (1977). However, since our courts have never clearly defined a "public place" in relation to this misdemeanor, the majority defines the term using Black's Law Dictionary. Even though I agree that this definition is generally applicable to simple affrays, our case law indicates that the number of persons viewing the alleged affray must be considered as well.

In *State v. Fritz*, 133 N.C. 725, 45 S.E. 957 (1903), a defendant appealed an order finding him guilty of simple affray for engaging in a fight with another man at a corner tree midway between their homes and in the presence of seven other people. The defendant argued, in part, that he was erroneously convicted of simple affray because the fight did not occur in a public place. Our Supreme Court affirmed the guilty verdict and held that the fighting of two persons in the presence of others made the location a public place. *Id.* at 728, 45 S.E. at 958.

Although *Fritz* does not specifically define a "public place," it does indicate that the presence of several people can qualify a location that is normally private property as a public place for simple affray purposes. Here, the evidence showed that a physical altercation between Juvenile and another juvenile occurred on the grounds of the Home. The altercation took place in the presence of two counselors and several residents of the Home. Thus, it is my conclusion that the grounds of the Home are a "public place" in light of the facts in this case and the holding in *Fritz*. To find otherwise would lend itself to a very strict interpretation of what constitutes a "public place," thereby preventing the police from ever being able to arrest and charge a person with simple affray if that individual enters into a fight with another person on private property regardless of how many people are present and placed in terror.

Accordingly, the trial court did not err in denying Juvenile's motion to dismiss.