641 S.E.2d 354 (2007)
In the Matter of A.W., Juvenile.
No. COA06-416.
Court of Appeals of North Carolina.
March 6, 2007.
Attorney General Roy Cooper, by Assistant Attorney General Nancy R. Dunn, for the State.
Jeffrey Evan Noecker, Wilmington, for juvenile-appellant.
GEER, Judge.
The juvenile A.W. appeals from a disposition order imposing probation, community service, and a curfew, following an adjudication of A.W. as delinquent based on his admission to possessing marijuana with the intent to sell and deliver. Pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and State v. Kinch, 314 N.C. 99, 331 S.E.2d 665 (1985), the juvenile's appellate counsel has filed a brief in which he represents that he "is unable to identify any issue with sufficient merit to support a meaningful argument for relief on appeal" and asks that we "conduct a full examination of the record in this case for possible prejudicial error." See also In re May, 153 N.C.App. 299, 301, 569 S.E.2d 704, 707 (2002) (holding that "an attorney for an indigent juvenile adjudicated to be delinquent may file an Anders brief in the appellate courts of this state"), aff'd, 357 N.C. 423, 584 S.E.2d 271 (2003). After fully reviewing the record, in accord with Anders, we have determined that the trial court committed reversible error in accepting the juvenile's admission of guilt without fully satisfying the requirements of N.C. Gen.Stat. § 7B-2407(a) (2005) and, therefore, we reverse and remand for further proceedings.
On 6 June 2005, the State filed two petitions alleging that A.W. was a delinquent juvenile (1) for possessing 12 grams of marijuana with the intent to sell and deliver and (2) for selling and delivering marijuana. In exchange for the juvenile's admission to the charge of possessing marijuana with the intent to sell and deliver, the prosecutor dismissed the remaining charge of selling and delivering marijuana. At a hearing on 12 July 2005, the district court accepted A.W.'s admission to the possession charge and adjudicated him as a delinquent juvenile. At the disposition phase, the court placed the juvenile on probation for 12 months, ordered him to perform 48 hours of community service, and ordered him to comply with a curfew. The juvenile gave timely notice of appeal.
Counsel has shown to the satisfaction of this Court that he has complied with the requirements of Anders and Kinch by advising *356 the juvenile of his right to file written arguments with this Court and providing him with the documents necessary to do so. The juvenile, however, has not filed any written arguments on his own behalf with this Court. "Pursuant to Anders, this Court must now determine from a full examination of all the proceedings whether the appeal is wholly frivolous." Kinch, 314 N.C. at 102, 331 S.E.2d at 667.
Under N.C. Gen.Stat. § 7B-2407(a):
The court may accept an admission from a juvenile only after first addressing the juvenile personally and:

(1) Informing the juvenile that the juvenile has a right to remain silent and that any statement the juvenile makes may be used against the juvenile;
(2) Determining that the juvenile understands the nature of the charge;
(3) Informing the juvenile that the juvenile has a right to deny the allegations;
(4) Informing the juvenile that by the juvenile's admissions the juvenile waives the juvenile's right to be confronted by the witnesses against the juvenile;
(5) Determining that the juvenile is satisfied with the juvenile's representation; and
(6) Informing the juvenile of the most restrictive disposition on the charge.
(Emphasis added.) Our Supreme Court has held "that all of these six specific steps are paramount and necessary in accepting a juvenile's admission as to guilt during an adjudicatory hearing." In re T.E.F., 359 N.C. 570, 574, 614 S.E.2d 296, 298 (2005). Further, "[i]f the required `inquiries and statements [do not] . . . affirmatively appear in the record of the proceeding, . . . the adjudication of delinquency based on the admission must be set aside.'" Id. (alterations and omissions original) (quoting In re Kenyon N., 110 N.C.App. 294, 297, 429 S.E.2d 447, 449 (1993)).
A review of the hearing transcript in this case reveals that the trial court failed to strictly comply with N.C. Gen.Stat. § 7B-2407. Although we are satisfied that the trial court, when addressing A.W. personally, covered steps 2, 4, 5, and 6 prior to accepting his admission, we find no indication in the transcript that the court informed A.W. of his right to remain silent and the risk that any statements may be used against him (step 1) or of his right to deny the allegations (step 3). Failure to cover even one of the six listed steps "preclude[s] the trial court from accepting [the juvenile's] admission as being a product of his informed choice." T.E.F., 359 N.C. at 575, 614 S.E.2d at 299.
This case differs from T.E.F., however, in that A.W. apparently completed a transcript of admission on AOC Form J-410 (Rev. 7/99), which specifically made the inquiries omitted when the trial court personally addressed A.W.[1] Nevertheless, the Supreme Court, although noting the availability of that form, held:
[W]e refuse to blur the distinction between juvenile proceedings and adult criminal proceedings, and we reemphasize the fact that increased care must be taken to ensure complete understanding by juveniles regarding the consequences of admitting their guilt. At a very minimum, this requires asking a juvenile each of the six specifically mandated questions listed in N.C.G.S. § 7B-2407(a).
Id. at 576, 614 S.E.2d at 299 (emphasis added). We read the Supreme Court's holding as requiring that the inquiries be made while the trial court is personally addressing the juvenile so that the trial court can assess the juvenile's understanding.
Because of the trial court's failure to orally inform the juvenile of his rights under N.C. Gen.Stat. § 7B-2407(a)(1) and (3), we are compelled, under T.E.F., to set aside the adjudication of delinquency based on A.W.'s admission. Accordingly, the trial court's orders *357 are reversed, and the case is remanded for further proceedings.
Reversed and remanded.
Judges LEVINSON and JACKSON concur.
NOTES
[1] We note that there is no indication in the record as to when the transcript of admission was completed, whether the answers were supplied by the juvenile, or even who completed the form.