STATE OF NORTH CAROLINA v. MIKELSON JOSHUA LaPLANCHE A/K/A MICHAEL J. WILLIS

No. 582A97

(Filed 6 November 1998)

### 1. Criminal Law § 111 (NCI4th Rev.)— *Anders* appeal—State's failure to inform defense of witness statement—no error

There was no error in an appeal from a first- and second-degree murder conviction on an *Anders* brief from the trial court's failure to impose sanctions for the State's failure to inform the defense until jury selection began that a witness had given a statement to police concerning what he saw the night of the shootings. The record demonstrates that there was no intent on the part of the State to withhold the statements, the trial court took prompt action to insure that the statements were provided to defendant, and any information favorable to defendant was fully revealed in sufficient time for him to prepare his case.

### 2. Constitutional Law § 164 (NCI4th)— murder—*Anders* brief—State's unknowing use of false evidence—no error

There was no prejudicial error in a murder prosecution appealed with an *Anders* brief where defendant contended that the State knowingly called a witness under a false name. There was no evidence that the prosecutor knew that the witness was known by any other name, the identity of the witness was not material to the case, and there is no reasonable likelihood that the fact that the witness was testifying under a false name could have affected the judgment of the jury.

### 3. Homicide § 253 (NCI4th)— first-degree murder—sufficiency of evidence

In a first-degree murder prosecution appealed with an *Anders* brief, a reasonable inference of premeditation and deliberation could be drawn from substantial evidence that the second victim was killed minutes after defendant killed the first, that the second victim was unarmed and hiding in a closet when he was shot, and that he sustained four gunshot wounds to the forehead at close range.

### 4. Evidence and Witnesses § 1693 (NCI4th)— murder—photographs of victim—admissible

There was no error in a murder prosecution appealed on an *Anders* brief where defendant objected to introduction of photographs of the victims. The State presented a limited number of photographs, the photographs were used to illustrate the testimony of witnesses, the trial court conducted a thorough review of the photographs and witnesses outside the presence of the jury and concluded that the photographs were relevant and that their probative value outweighed the danger of unfair prejudice, and there is no indication that the jury viewed the photographs repeatedly.

### 5. Criminal Law § 1034 (NCI4th Rev.)— first- and second-degree murder—consecutive sentences—no abuse of discretion

There was no abuse of discretion in a murder prosecution appealed on an *Anders* brief where the court sentenced defendant to serve forty-nine years for second-degree murder, commencing at the expiration of an unrelated twenty-year sentence then being served, and to life imprisonment for first-degree murder, that sentence to commence at the expiration of the forty-nine-year sentence. It is undisputed that the trial court has express authority under N.C.G.S. § 15A-1354(a) to impose consecutive sentences and there is no meritorious argument that the consecutive sentences violated any constitutional requirement of proportionality.

Justice WYNN did not participate in the consideration or decision of this case.

Appeal as of right pursuant to N.C.G.S. § 7A-27(a) from a judgment imposing a sentence of life imprisonment entered by Allen (J.B.,

Jr.), J., on 25 August 1995, in Superior Court, Wake County, upon a jury verdict of first-degree murder. Defendant's motion to bypass the Court of Appeals as to an additional judgment imposed for second-degree murder was allowed 30 June 1998. Calendared in the Supreme Court 30 September 1998; determined on the briefs without oral argument pursuant to N.C. R. App. P. 30(d) upon motion of the parties.

*Michael F. Easley, Attorney General, by Teresa L. Harris, Assistant Attorney General, for the State.*

*Thomas H. Eagen for defendant-appellant.*

FRYE, Justice.

On 7 March 1994, defendant was indicted for the murders of Gail Ann Brown and Curtis Melvin Brice. The two cases were joined for trial. In a capital trial, defendant was convicted by a jury of first-degree murder for the killing of Mr. Brice and second-degree murder for the killing of Ms. Brown. In a capital sentencing proceeding conducted pursuant to N.C.G.S. § 15A-2000, the jury recommended and the trial court imposed a sentence of life imprisonment for the first-degree murder conviction. Defendant was also sentenced to forty-nine years' imprisonment for the second-degree murder conviction. Defendant appeals from both convictions.

The State's evidence tended to show that defendant shot both victims multiple times at close range with a .380 Browning semiautomatic handgun. Defendant authorized his trial attorneys to concede that he was guilty of second-degree murder, but to argue that his actions were not premeditated or deliberate. Defendant did not present any evidence and did not testify at the guilt phase of his trial, and he did not testify at his capital sentencing proceeding.

Defendant's appellate counsel, in his brief filed with this Court, states that, "after a conscientious examination of this case, [counsel] has been unable to identify an issue with sufficient merit to support a meaningful argument for relief on appeal." However, in accordance with *Anders v. California,* 386 U.S. 738, 18 L. Ed. 2d 493 (1967), *State v. Noble,* 326 N.C. 581, 391 S.E.2d 168 (1990), and *State v. Kinch,* 314 N.C. 99, 331 S.E.2d 665 (1985), defense counsel discusses five possible assignments of error "that might arguably support the appeal." He also states that he believes the appeal to be "wholly frivolous," but requests that the Court review the record to determine whether there is any prejudicial error. Defendant's attorney has sent a copy of his

brief, the record, and the trial transcript to defendant and has advised defendant that he may independently file written arguments with this Court. Defendant has not submitted a brief. We conclude that defendant's appellate counsel has fully complied with *Anders*.

[1] We have examined the five assignments of error in the record, and we agree with defendant's attorney that an appeal based upon them is wholly frivolous. The first assignment of error addresses the trial court's failure to impose sanctions on the State for a purported violation of discovery rules. Defendant argued at trial that the State should prohibit the testimony of a witness, Steve Griffin, because the State failed to inform the defense, until jury selection began, that Griffin had given a statement to police concerning what he saw the night of the shootings. Defendant contended that Griffin's statement might constitute exculpatory material which the State was obligated to disclose pursuant to *Brady v. Maryland*, 373 U.S. 83, 10 L. Ed. 2d 215 (1963).

The trial court ordered the State to prepare any and all statements of Griffin and give them to the defense at the time Griffin testified, and the State ultimately provided defendant a copy of the interview materials prior to Griffin's testimony. At trial, defendant conceded that the State had complied with discovery requirements and that he had a reasonable time to review the materials. The record demonstrates that there was no intent on the part of the State to withhold Griffin's statements from defendant. The trial court took prompt action to ensure that the statements were provided to defendant. Any information favorable to defendant was fully revealed in sufficient time for him to prepare his case. For these reasons, there was no basis for the imposition of sanctions.

[2] The second assignment of error asserts that the trial court erred in allowing the State to call Steve Griffin and have him testify before the jury when in fact the witness was not "Steve Griffin," but rather "Gaspard Mureau." A defendant is entitled to a new trial when the State knowingly and intentionally uses testimony which is both false and material in order to obtain a conviction. *State v. Williams*, 341 N.C. 1, 16, 459 S.E.2d 208, 217 (1995), *cert. denied*, 516 U.S. 1128, 133 L. Ed. 2d 870 (1996). In this case, there is no evidence in the record that the prosecutor knew that the witness was known by any name other than Steve Griffin. Further, the identity of the witness was not material to the case. After a complete examination of the evidence presented, we conclude there is no reasonable likelihood that the fact

that this witness may have been testifying under a false name could have affected the judgment of the jury.

[3] The third assignment of error challenges the sufficiency of the evidence to support the charge of first-degree murder. Defendant admitted to the second-degree murder of Gail Brown and Curtis Brice. Thus, the only element at issue was whether defendant committed the murders with premeditation and deliberation. Substantial evidence tended to establish that Mr. Brice was killed minutes after defendant killed Ms. Brown, that Mr. Brice was unarmed and hiding in a closet when he was shot, and that he sustained four gunshot wounds to the forehead fired at close range. When all the evidence in the record is considered in a light most favorable to the State, a reasonable inference of premeditation and deliberation could be drawn from the circumstances; thus, the trial court did not err in submitting the charge of first-degree murder. *See State v. Gibson,* 342 N.C. 142, 150, 463 S.E.2d 193, 198-99 (1995).

[4] The next assignment of error is that the trial court erred by allowing the State to introduce into evidence, over defendant's objection, photographs of the victims and by allowing the jury to view the photographs repeatedly. "Whether the use of photographic evidence is more probative than prejudicial and what constitutes an excessive number of photographs in the light of the illustrative value of each likewise lies within the discretion of the trial court." *State v. Hennis,* 323 N.C. 279, 285, 372 S.E.2d 523, 527 (1988). A careful examination of the record reveals that the State presented a limited number of photographs of the victims; that the photographs were used to illustrate the testimony of witnesses; and that the trial court conducted a thorough review of the photographs and witnesses, outside the presence of the jury, prior to allowing the photographs to be admitted into evidence. The trial court concluded that the photographs were relevant and that their probative value outweighed the danger of unfair prejudice. Further, there is no indication that the jury viewed the photographs "repeatedly." There is no meaningful argument on this record that the trial court abused its discretion in admitting these photographs into evidence or that their admission deprived defendant of a fair trial.

[5] The final assignment of error is that the trial court abused its discretion in sentencing defendant to serve forty-nine years' imprisonment for second-degree murder, that sentence to commence at the expiration of an unrelated twenty-year sentence then being served by

defendant, and to life imprisonment for first-degree murder, that sentence to commence at the expiration of the forty-nine-year sentence for second-degree murder. This assignment of error also charges that the consecutive sentencing was disproportionate when compared with that of similarly situated defendants. It is undisputed that the trial court has express authority under N.C.G.S. § 15A-1354(a) to impose consecutive sentences. *See State v. Barts*, 316 N.C. 666, 697, 343 S.E.2d 828, 847 (1986). Additionally, "[o]nly in exceedingly unusual non-capital cases will the sentences imposed be so grossly disproportionate as to violate the Eighth Amendment's proscription of cruel and unusual punishment." *State v. Ysaguire*, 309 N.C. 780, 786, 309 S.E.2d 436, 441 (1983). We conclude there is no meritorious argument that the trial court abused its discretion in sentencing defendant to consecutive terms or that, based on the facts of this case, the consecutive sentences violated any constitutional requirement of proportionality.

In accordance with our duty under *Anders*, we have conducted a thorough review of the record, the transcript, and the brief filed by defendant's appellate counsel. We find no error warranting reversal of defendant's convictions or modification of his sentences. We find the appeal to be wholly frivolous.

NO ERROR.

Justice WYNN did not participate in the consideration or decision of this case.