943 So.2d 303 (2006)
Rillio BAPTISTE, Petitioner,
v.
Albert W. GUFFANTI, P.A., Respondent.
No. 3D04-176.
District Court of Appeal of Florida, Third District.
December 6, 2006.
Rillio Baptiste, in proper person.
Albert W. Guffanti, in proper person.
Richard L. Polin, Bureau Chief, Office of the Attorney General, Department of Legal Affairs, for The State of Florida.
John Eddy Morrison, Assistant Public Defender, Office of the Public Defender, as Amicus Curiae.
Before COPE, C.J., and FLETCHER and WELLS, JJ.

ON MOTION FOR REHEARING
COPE, C.J.
On consideration of the petitioner's motion for rehearing we withdraw the court's *304 previous opinion filed March 10, 2004, and substitute the following opinion.
Rillio Baptiste seeks a writ of mandamus compelling Albert W. Guffanti, specially appointed public defender ("SAPD"), to provide him with a copy of the complete record in Baptiste's plenary appeal, at no cost to Baptiste. We grant the petition.
The dispositive fact here is that Baptiste's appeal of his judgment and sentence was accomplished in a proceeding under Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). As explained in this opinion, since this appeal was an Anders proceeding, Baptiste should have been provided a complete copy of the record on appeal without charge. That being so, his request for a complete copy of the record on appeal is well taken.
Baptiste was convicted of criminal offenses in 2002 and he appealed. After reviewing the record on appeal, the SAPD filed an Anders brief and motion to withdraw, stating that after a careful examination of the record on appeal, the SAPD could find no error which could be conscientiously argued as a predicate for relief.
On receiving the Anders brief and motion to withdraw, this court issued what was at that time its standard order in such cases. The court's order directed that the memorandum brief be furnished to Baptiste, and allow Baptiste thirty days in which to file a statement of points in support of the appeal.
The SAPD supplied a copy of the Anders memorandum brief to Baptiste. However, this court's order did not specifically require the SAPD to send Baptiste a copy of the record on appeal, and the SAPD did not do so. Baptiste did not submit a statement of points in support of the appeal. After the time for doing so expired, this court issued an affirmance without opinion. Baptiste v. State, 846 So.2d 521 (Fla. 3d DCA 2003) (table).
Thereafter Baptiste filed a petition for writ of mandamus, seeking to require the SAPD to provide him a complete copy of the record on appeal without charge. This court issued an opinion denying relief and Baptiste moved for rehearing.
During the pendency of proceedings, the Clerk of this court called to the panel's attention the fact that Baptiste's convictions and sentences had been affirmed in an Anders proceeding. The Clerk was aware that the public defender in this district has a well-established procedure for Anders proceedings. Under that procedure, the public defender sends the defendant a copy of the Anders brief when it is filed, and the record on appeal[1] when this court enters its standard Anders order allowing the defendant to file a statement of points in support of the appeal. The logic is that the defendant needs the record in order to submit a statement of points to this court. See Gardner v. California, 393 U.S. 367, 370, 89 S.Ct. 580, 21 L.Ed.2d 601 (1969); Anders v. California, 386 U.S. 738, 742-43, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); Griffin v. Illinois, 351 U.S. 12, 18, 76 S.Ct. 585, 100 L.Ed. 891 (1956); Byrd v. Wainwright, 722 F.2d 716, 718 (11th Cir.1984); State v. LaPlanche, 349 N.C. 279, 507 S.E.2d 34, 35-36 (1998); State v. Clark, 196 Ariz. 530, 2 P.3d 89, 99 (1999). Further, providing a copy of the record to the client also appears to be the current practice among SAPDs when moving to withdraw under Anders.
As a result of this case, the court has revised its standard order for Anders proceedings. The revised order now specifies that in Anders proceedings, the attorney who has moved to withdraw must supply the defendant with a copy of the complete *305 record on appeal in addition to the Anders brief.[2]
Because Baptiste should have already been given a copy of the record on appeal without charge, his petition for writ of mandamus is well taken. The SAPD shall do so. Further, the SAPD has disclosed that he followed the same practice in two other cases. Accordingly, he shall forward copies of the record on appeal in those cases to the respective defendants, along with a copy of this opinion.
This court asked the parties to address whether the failure of the SAPD to send a copy of the record on appeal to the defendant constituted grounds for reopening the appeal from the judgment and sentence. The SAPD, and the public defender as amicus curiae,[3] argue that the appeals should be reopened. The State argues that this should not be done.
On consideration, the only matter actually pending before this court at this time is Baptiste's petition for writ of mandamus in which he seeks a copy of the record on appeal in his case. That being so, we decline to reach at this time the question whether any of the underlying appeals should be reopened.
We grant the petition but withhold formal issuance of the writ, being certain that the SAPD will comply with this opinion.
NOTES
[1] For purposes of this opinion the term "record on appeal" includes transcripts.
[2] The SAPD is entitled to reimbursement for the expenses of copying and mailing, as these expenses are incurred in the course of the appointed representation.
[3] This court requested that the public defender file a brief as amicus curiae, and expresses its appreciation for its memorandum addressing the issues raised in this proceeding.