STATE OF NORTH CAROLINA v. JAMES ALLEN MEAD

No. 383A07

(Filed 7 March 2008)

**Sentencing— consecutive—failure to specify—imposition after comment by clerk of court**

The trial court did not err in a second-degree rape and second-degree sexual offense case by imposing consecutive sentences upon defendant after being advised by the assistant clerk of superior court following defendant's sentencing hearing that the trial court had not specified that these sentences were to run consecutively, because: (1) it was the stated intention of the trial judge that defendant's sentences would run consecutively, as reflected in the transcript of proceedings; (2) in light of the brutal nature of the crimes for which defendant was convicted, imposing consecutive terms was well within the trial court's discretion; (3) the statutory provision relied upon by defendant, N.C.G.S. § 15A-1334(b), is not applicable to this case when it cannot be inferred from the phrase "comment to the court on sentencing" any intent of the General Assembly to prohibit routine communication between trial judges and clerks of court during sentencing proceedings unless the clerk is first sworn as a witness; and (4) despite defendant's assertions to the contrary, there is no indication from the record that the discussion which took place between the trial judge and the clerk of court in this case fell outside of the usual administrative dialogue necessary for the fair and efficient conduct of court business.

**STATE v. MEAD**

[362 N.C. 218 (2008)]

Appeal pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, 184 N.C. App. 306, 646 S.E.2d 597 (2007), finding no prejudicial error in part in judgments entered 8 March 2006 by Judge James L. Baker, Jr. in Superior Court, Avery County, and dismissing defendant's appeal in part. Heard in the Supreme Court 12 December 2007.

*Roy Cooper, Attorney General, by Philip A. Lehman, Assistant Attorney General, for the State.*

*John Keating Wiles for defendant-appellant.*

BRADY, Justice.

Defendant James Allen Mead was convicted by a jury of second-degree rape and second-degree sexual offense, and a divided panel of the Court of Appeals upheld these convictions. Defendant's appeal as of right on the basis of the dissenting opinion below presents a single issue for this Court to determine: Whether the trial court erred by imposing consecutive sentences upon defendant after being "advised" by the assistant clerk of superior court following defendant's sentencing hearing that the trial court had not specified that these sentences were to run consecutively. We hold that this was not error and thereby affirm the decision of the Court of Appeals.

## BACKGROUND

### I. State's Evidence

On 7 March 2005, the Avery County Grand Jury returned true bills of indictment charging defendant with second-degree rape and two counts of second-degree sexual offense. The State's evidence at trial tended to show the following: That late on the afternoon of 21 October 2004, the victim visited an unoccupied cabin in Avery County which was for sale and which she was interested in purchasing for her residence. At about 6 p.m., defendant and his two sons arrived at the cabin in a van and approached the victim. Defendant informed her that he had an ownership interest in the property, that there was a family dispute over it, and that it was not for sale. During this discussion, defendant, his sons, and the victim were seated on the front porch of the cabin drinking beer.

Approximately one hour later, defendant invited the victim to his residence on an adjacent property in order to view his horses and family pictures, and the victim accepted. When they arrived there,

**STATE v. MEAD**

[362 N.C. 218 (2008)]

defendant continued to consume alcohol while he showed the victim some family pictures and artifacts. He then instructed his sons to go outside and feed the horses.

Once alone with the victim, defendant suddenly grabbed her by the hair, punched her, and dragged her toward a nearby bedroom. The victim screamed, asked defendant to stop, and attempted to flee through the front door, which had been barricaded shut. Defendant dragged her back into the bedroom, where he punched her, tried to strangle and suffocate her, and began removing her clothes. The victim ran into the bathroom to escape once more, but defendant again pulled her into the bedroom. He then bit her nipples and threatened to bite one of them off unless she quit screaming. He also clawed at her anus and vagina with his hands, both internally and externally, and penetrated her vagina with his penis, threatening that he would kill her and dump her body in the woods if she was not quiet.

One of defendant's sons entered the bedroom during the struggle and told his father, "It is wrong what you are doing." Defendant then stopped and released the victim, who quickly got dressed and returned to her home, collapsing onto her bed in a state of shock. Later the next morning, the victim awoke in considerable pain and in fear that defendant might discover where she lived and murder her if she reported the crime, but she decided to report the incident. She drove to Spruce Pine Community Hospital, where the emergency room staff treated and evaluated her, completed a rape evidence kit, and photographed her injuries. A subsequent analysis conducted by the North Carolina State Bureau of Investigation comparing the semen and blood stains discovered on the victim and a blood sample later taken from defendant showed a DNA match which indicated it was 90.1 trillion times more likely that the semen on the victim came from defendant than from any other unrelated individual in the North Carolina Caucasian population.

## II. Verdict, Sentence, and Appeal

On 8 March 2006, following defendant's trial, the jury returned its verdict finding defendant guilty of second-degree rape and one count of second-degree sexual offense but not guilty on the other count of second-degree sexual offense.

Also on 8 March 2006, the trial court held a brief sentencing hearing, during which the prosecutor and defense counsel both gave statements but no witnesses were called. Afterward, the court stated

its intention to sentence defendant within the presumptive range for the two convictions and stated further, "I am going to impose a significant sentence against you, which is what the law calls for." The court then pronounced a sentence of 100 to 129 months imprisonment for the second-degree rape conviction, with credit given for time already served, and a sentence of 100 to 129 months imprisonment for the second-degree sexual offense conviction, with no credit given for time already served, "all of the prior credit having been awarded in the first case." However, the court failed to specify whether these sentences were to run consecutively. *See* N.C.G.S. § 15A-1340.15(a) (2007) ("Unless otherwise specified by the court, all sentences of imprisonment run concurrently with any other sentences of imprisonment.").

After the trial court "complete[d] the matter" and defendant was taken out of the courtroom, some discussion took place between the trial judge and the assistant clerk of superior court which was not transcribed nor made a part of the record. Following this exchange, the trial judge then stated: "Madame Clerk, [defense counsel], that was a consecutive sentence. I want to make sure that was on the record with the defendant present. The clerk advised me that I did not say that was consecutive, and that was my intention." Defendant was escorted back into the courtroom, after which point the court stated that defendant's two sentences were to run consecutively, meaning defendant's sentence for second-degree sexual offense would not begin until the expiration of his sentence for second-degree rape. Judgment was entered accordingly.

Defendant subsequently gave notice of appeal, and on 3 July 2007, a divided panel of the Court of Appeals found no prejudicial error in his sentencing, although the dissenting judge would have vacated defendant's sentence and remanded the case for the trial court to enter judgment imposing concurrent sentences.[1] Defendant now appeals to this Court as of right on the basis of the dissent.

## ANALYSIS

Defendant contends that the trial court erred by taking into consideration a "comment to the court on sentencing" which should have been barred by N.C.G.S. § 15A-1334(b). This statute, which governs the procedure for sentencing hearings, reads in part: "*No person* other than the defendant, his counsel, the prosecutor, and one mak-

---

1. The Court of Appeals unanimously dismissed a separate assignment of error that is not before this Court.

ing a presentence report may *comment to the court on sentencing* unless called as a witness by the defendant, the prosecutor, or the court." N.C.G.S. § 15A-1334(b) (2007) (emphasis added). Defendant argues that when the assistant clerk of superior court, who was not sworn as a witness at the hearing, "advised" the trial judge in regard to defendant's sentence, this amounted to a prohibited "comment to the court on sentencing" and should not have served as the basis for the trial court's imposition of consecutive sentences.

We note at the outset that it was the stated intention of the trial judge that defendant's sentences would run consecutively, as reflected in the transcript of proceedings. Defendant has not asserted otherwise. Thus, there can be no question that the sentences imposed against defendant comport with the intention of the trial court, which had the statutory authority and discretion to impose consecutive sentences against defendant. *See* N.C.G.S. § 15A-1354(a) (2007) ("When multiple sentences of imprisonment are imposed on a person at the same time . . . the sentences may run either concurrently or consecutively, as determined by the court."); *State v. LaPlanche*, 349 N.C. 279, 284, 507 S.E.2d 34, 37 (1998) ("It is undisputed that the trial court has express authority under N.C.G.S. § 15A-1354(a) to impose consecutive sentences." (citation omitted)). Moreover, in light of the brutal nature of the crimes for which defendant was convicted, imposing consecutive terms was well within the trial court's discretion. *See LaPlanche*, 349 N.C. at 284, 507 S.E.2d at 37.

Effectively then, defendant only challenges the *means* by which the trial court effectuated its intent that the sentences run consecutively. However, we find that the statutory provision relied upon by defendant, N.C.G.S. § 15A-1334(b), is simply not applicable to the circumstances presented in this case. By its plain meaning, the language of the statute encompasses all persons other than a defendant, defense counsel, prosecutors, and those making a presentence report. Nevertheless, we cannot infer from the phrase "comment to the court on sentencing" any intent of the General Assembly to prohibit routine communication between trial judges and clerks of court during sentencing proceedings unless the clerk is first sworn as a witness. To do so would erect an unnecessary barrier between trial judges and the clerks, deputy clerks, and assistant clerks of superior and district courts, who are entrusted with making entries on the records of these courts and required to ensure their accuracy and safekeeping. *See* N.C.G.S. § 7A-109(a) (2007); Gen. R. Pract. Super. & Dist. Cts. 17, 2008 Ann. R. N.C. 17.

CHERNEY v. N.C. ZOOLOGICAL PARK

[362 N.C. 223 (2008)]

Despite defendant's assertions to the contrary, there is no indication from the record that the discussion which took place between the trial judge and the clerk of court in this case fell outside of the usual administrative dialogue necessary for the fair and efficient conduct of court business. Defendant has failed to demonstrate that the trial court erred in sentencing him to two consecutive sentences of imprisonment based upon his convictions for second-degree rape and second-degree sexual offense. Accordingly, that portion of the opinion of the Court of Appeals finding no prejudicial error in defendant's sentencing is hereby affirmed.

AFFIRMED.