BERGER, Judge.
On July 28, 2017, Ernest Davante Woods ("Defendant") was found guilty of three counts of robbery with a firearm and guilty of being a felon in possession of a firearm. Defendant was sentenced to three consecutive sentences of 75 to 102 months for his robbery with a dangerous weapon convictions and one concurrent sentence of 17 to 30 months for possession of a firearm by a felon. Defendant timely appealed. On appeal, Defendant contends that his procedural due process rights under the Fourteenth Amendment of the United States Constitution and his right to confront and call witnesses under the Sixth Amendment of the United States Constitution were violated when the trial court engaged in an off-the-record discussion with the courtroom clerk. We disagree.
Factual and Procedural Background
On January 15, 2017, Alvin Richardson ("Richardson"), his girlfriend Rhonda Connally ("Connally"), and Richardson's friend William Justice Spooner ("Spooner") were at Richardson's home. That night around 10:00 p.m., Defendant knocked on Richardson's door, and stated that he was sent to Richardson's home to "get some weed or something." Richardson opened the door and Defendant pointed a gun at Richardson's face, "came in the house, shut the door, locked the door, and pulled out another gun." Defendant ordered Richardson and Spooner to get on the ground. While they were on the ground, Defendant took Richardson's wallet, which contained about $210.00. Defendant also took Spooner's wallet, which contained $48.00. Defendant went into a bedroom, pointed a gun at Connally, and demanded that she hand over her money. Defendant took Connally's pocketbook, which contained $15.00. Defendant also took a little black box that contained "a pipe or some weed."
Once Defendant had left, Spooner got into his vehicle and followed a black Ford Taurus. Spooner then called the police and informed them that he "believed the car in front of me was just involved in a robbery which I was the victim." The police stopped the Ford Taurus about seven miles away from the crime scene. Defendant exited the passenger seat and fled on foot. Defendant was eventually apprehended and arrested. Gabrielle Geiser, the driver of the Ford Taurus, was arrested and charged with driving with a suspended license.
Officer H.B. Watson of the Greensboro Police Department searched the Ford Taurus and found a black bag in the front passenger floor, which contained two wallets, a small pocketbook, and a black metal box. Officer Watson also found a holster for a handgun in the glove box.
Defendant was arrested and indicted for three counts of robbery with a dangerous weapon and one count of possession of a firearm by a felon. On July 28, 2017, a jury found Defendant guilty of (1) robbery with a firearm of Spooner; (2) robbery with a firearm of Connally; and (3) robbery with a firearm of Richardson; and (4) possession of a firearm by a felon.
Prior to Defendant being sentenced, Defendant had stipulated that he was a prior record level III with eight points. During sentencing, the trial court made the following statements about its discussion with the courtroom assistant clerk of superior court:
THE COURT: He's a prior record level three with eight points. Mr. Wood, can you tell me if any of these offenses - the date of offense for these particular charges was January 15, 2017, I want to know if he was on probation for any of these charges when he committed these charges. And if you don't, that's all right.
I've got the clerk who will check the official court of record with regards to my inquiry. I will hear further from the State.
....
THE COURT: All right. Mr. Woods, stand up, sir. Give me just a minute. Hold on. I've asked the clerk to do quite a few things. I'll come back to you in just a minute. Mr. Woods, I just want to have all the facts before I enter judgment.
All right. Mr. Woods, you do not have to say anything; however, if you want to now is the time to tell me anything you want me to know before I enter judgment in your case. If you could just talk louder, sir. I can't hear you.
....
THE COURT: Sir, you've been convicted of felony riot, assault on a law enforcement officer. At some point somebody has to say when. In this particular case I know in looking at the - I had the clerk review the various convictions that you had. You had probation on at least the last two charges out of Guilford County in 13 CRS 90461. Your probation was revoked. You were put on probation; that didn't work. ...
THE COURT: You were released on August 20th of 2016 in that particular case. And ultimately your post-release supervision was revoked in January of this year.
The Court notes the clerk has alerted The Court that you have eleven days of jail credit toward the service of whatever sentence I'm getting ready to impose due to the fact that you've had other sentences.
The trial court then sentenced Defendant to three consecutive sentences of 75 to 102 months for each robbery with a dangerous weapon conviction and one concurrent sentence of 17 to 30 months for the possession of a firearm by a felon conviction. Each judgment reflected that no "written findings [were made] because the term imposed is ... in the presumptive range."
Analysis
Defendant argues that his procedural due process rights and his right to confront and call witnesses were violated when the trial court engaged in an off-the-record discussion with the courtroom assistant clerk of superior court. Defendant concedes that he did not object during sentencing to any of these discussions, but he argues that Rule 614(c) of the North Carolina Rules of Evidence automatically preserves this alleged error. In the alternative, Defendant requests that we invoke Rule 2 of the North Carolina Rules of Appellate Procedure and address the merits of his arguments.
Rule 614(c) provides that "[n]o objections are necessary with respect to the calling of a witness by the court or to questions propounded to a witness by the court but it shall be deemed that proper objection has been made and overruled." N.C. Gen. Stat. § 8C-1, Rule 614(c) (2017). However, this rule does not apply when, as here, Defendant argues that the trial court's inquiry with a witness infringed upon Defendant's constitutional rights. "It is well settled that constitutional matters that are not raised and passed upon at trial will not be reviewed for the first time on appeal." State v. Garcia , 358 N.C. 382, 410, 597 S.E.2d 724, 745 (2004) (citation and quotation marks omitted).
Where a defendant fails to object and raise a constitutional issue at trial, the appellate court may suspend its rules pursuant to Rule 2 and review the claim for plain error. State v. Lemons , 352 N.C. 87, 92, 530 S.E.2d 542, 545 (2000). Rule 2 states:
To prevent manifest injustice to a party, or to expedite decision in the public interest, either court of the appellate division may, except as otherwise expressly provided by these rules, suspend or vary the requirements or provisions of any of these rules in a case pending before it upon application of a party or upon its own initiative, and may order proceedings in accordance with its directions.
N.C.R. App. P. 2.
Rule 2 should only be used in "exceptional circumstances" to consider "significant issues of importance in the public interest or to prevent injustice which appears manifest to the Court and only in such instances ." State v. Campbell , 369 N.C. 599, 603, 799 S.E.2d 600, 602 (2017) (citation and quotation marks omitted).
This assessment-whether a particular case is one of the rare "instances" appropriate for Rule 2 review-must necessarily be made in light of the specific circumstances of individual cases and parties , such as whether "substantial rights of an appellant are affected." In simple terms, precedent cannot create an automatic right to review via Rule 2. Instead, whether an appellant has demonstrated that his matter is the rare case meriting suspension of our appellate rules is always a discretionary determination to be made on a case-by-case basis.
Id. (citations omitted).
In the present case, Defendant incorrectly asserts that Rule 614 preserves his constitutional arguments. Defendant has waived appellate review of his argument because "constitutional matters that are not raised and passed upon at trial will not be reviewed for the first time on appeal." Garcia , 358 N.C. at 410, 597 S.E.2d at 745 (citation and quotation marks omitted).
Defendant also requests that we invoke Rule 2 to address the merits of his unpreserved constitutional argument. However, in our discretion, we decline to invoke Rule 2 because Defendant has not "demonstrated that this matter is the rare case meriting suspension of our appellate rules." Campbell , 369 N.C. at 603, 799 S.E.2d at 603.
Defendant was convicted of three counts of robbery with a dangerous weapon and one count of possession of a gun by a felon. Defendant was sentenced in the presumptive range for each conviction. Because the term imposed for each conviction was in the presumptive range, the trial court did not need to make any written findings. Furthermore, any discussions the trial court may have had with the courtroom assistant clerk so that it could sentence Defendant appropriately were proper. Requiring clerks of the court to be sworn in as a witness to engage in "routine communication between trial judges and clerks of court during sentencing proceedings ... would erect an unnecessary barrier between trial judges and the clerks, deputy clerks, and assistant clerks of superior and district courts." State v. Mead , 362 N.C. 218, 222, 657 S.E.2d 367, 370 (2008). Moreover, the trial court's routine inquiry of the courtroom assistant clerk during sentencing was brought to the parties' attention by the trial court, a decision to which Defendant did not object. It is because Defendant did not object that his assignment of error was not preserved for our review.
Conclusion
Defendant's asserted errors were not preserved, and we are procedurally barred from granting appellate review. In addition, Defendant has not shown that his is the "exceptional case" to invoke Rule 2, and we decline to suspend our appellate rules. Accordingly, Defendant's appeal is dismissed.
DISMISSED.
Report per Rule 30(e).
Judges HUNTER and DAVIS concur.