The People of the State of Illinois, Plaintiff-Appellee, *v.* Michael H. Goodman, Defendant-Appellant.

(No. 12481;

Fourth District—October 31, 1974.

John F. McNichols, of State Appellate Defender's Office, of Springfield, for appellant.

No appearance for the People.

Mr. JUSTICE SIMKINS delivered the opinion of the court:

On June 26, 1972, defendant-appellant, Michael H. Goodman, entered a plea of guilty to the offense of burglary in violation of section 19—1 of the Criminal Code (Ill. Rev. Stat. 1971, ch. 38, par. 19—1). A sentencing hearing was held on August 4, 1972, at which time probation was denied and defendant was sentenced to 1 to 6 years' imprisonment. On September 5, 1972, a notice of appeal was filed from the denial of probation. On October 12, 1972, defendant filed a *pro se* petition for post-conviction relief which was stricken by the trial court without prejudice to defendant because of a failure to set forth any grounds for such relief. On December 18, 1973, this court ordered the record filed, appointed the State Appellate Defender to represent defendant, and extended the time for the filing of a brief.

On June 17, 1974, the State Appellate Defender moved to withdraw as counsel for defendant, and appended to the motion a brief in conformity with *Anders v. California,* 386 U.S. 738. The record shows that the letter sent by this court notifying defendant of the motion and sent to his last known address was returned "address unknown."

In discharge of our responsibilities we have examined the record. On June 26, 1972, defendant, represented by counsel, entered his plea of guilty. The court proceeded to admonish defendant regarding the nature of the burglary charge and advised defendant that he had a right to a jury trial and to plead not guilty. The defendant acknowledged that if he

pleaded guilty he would waive a trial, with or without a jury, and his right to confront and cross-examine witnesses. The court then admonished defendant regarding the minimum and maximum sentence prescribed by the law then in effect. Defendant stated that he had not been coerced in any fashion and did, in fact, commit the offense in question. The court then questioned defendant regarding the incident, and defendant persisted in admitting his guilt. The plea agreement was then stated in open court.

A sentencing hearing was held on August 4, 1972, and defendant was represented by counsel at that hearing. A presentence report was filed by the probation officer recommending denial of probation. Defendant testified in his own behalf and called a witness to support his request for probation. The court then denied probation stating that defendant had previously been found guilty of three misdemeanors and was currently serving a 5-year probation for statutory rape in Wisconsin when the present offense occurred. The court then sentenced defendant to 1 to 6 years' imprisonment with credit for time spent in the county jail on the present charge. The sentence imposed was within statutory limits, and defendant was admitted to parole on November 16, 1973.

We agree that this record discloses no justiciable issue for review and that the appeal is without merit and frivolous. Accordingly, the motion of the State Appellate Defender to withdraw as defendant's counsel is allowed, and the judgment of the trial court is affirmed.

Judgment affirmed.

SMITH, P. J., and TRAPP, J., concur.