ALDERMAN, Justice.
Howell Peacock was charged with violating section 943.462(3), Florida Statutes (1977), Florida’s Racketeer Influenced and Corrupt Organizations Act. His motion to dismiss on the basis that the RICO Act is unconstitutional was denied, and he pleaded nolo contendere, reserving his right to appeal the constitutional challenges.
The Second Judicial Circuit public defender was appointed to prosecute Peacock’s appeal. In his brief filed in accordance with Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), the public defender addresses the constitutional challenges raised below and represents that the record does not support these challenges.[1]
We have considered the record and the constitutional issues. We find they are without merit and, accordingly, affirm the conviction. State v. Whiddon, 384 So.2d 1269 (Fla.1980); Moorehead v. State, 383 So.2d 629 (Fla.1980).
It is so ordered.
SUNDBERG, C. J., and ADKINS, BOYD, OVERTON and McDONALD, JJ., concur.

. The public defender, in his Anders brief, requested that Peacock be given an opportunity to file a brief in his own behalf. The clerk of the Supreme Court has attempted to notify Peacock at his last known address that he had until a date certain to file a brief in his own behalf, but the notification was not accepted at this last known address because he was not residing there. The clerk’s notification was marked “return to sender.”