STATE OF NORTH CAROLINA v. CORY GRANT MAYFIELD, DEFENDANT

No. 9410SC120

(Filed 2 August 1994)

**Constitutional Law § 318 (NCI4th)— Anders brief—defendant not given documents to review—attorney unable to locate defendant—appeal permitted**

Review of this case pursuant to an *Anders* brief submitted by defendant's attorney was permitted even though defendant had not been given the necessary documents to conduct his own review of the case, since delivery of the necessary documents to defendant was not required where defendant's attorney, after a diligent effort, was unable to locate defendant and deliver the documents to him.

**Am Jur 2d, Criminal Law §§ 752, 985-987.**

**Adequacy of defense counsel's representation of criminal client regarding appellate and postconviction remedies. 15 ALR4th 582.**

Appeal by defendant from judgment entered 17 December 1992 by Judge F. Gordon Battle in Wake County Superior Court. Heard in the Court of Appeals 18 July 1994.

*Attorney General Michael F. Easley, by Assistant Attorney General Mary Jill Ledford, for the State.*

*John T. Hall for defendant-appellant.*

GREENE, Judge.

Defendant's appeal involves three cases. On 28 July 1992 defendant entered a plea of no contest to the offense of breaking and entering in Wilson County Case No. 91 CRS 9541. Defendant was sentenced to ten years imprisonment, suspended, and five years supervised probation. Probation was transferred to Wake County and was assigned Wake County Case No. 92 CRS 92670. In Wake County Case No. 91 CRS 74187, defendant entered a plea of guilty to the offense of possession of stolen property. On 19 August 1992, pursuant to a plea arrangement, defendant was sentenced to five years imprisonment, suspended, with three years supervised probation.

On 17 December 1992 defendant entered a plea of guilty to breaking and entering and larceny in Wake County Case No. 92 CRS 76921 and was sentenced to five years imprisonment pursuant to a plea arrangement. At the time of the third sentencing on 18 December 1992, the probationary sentences in the two earlier cases were revoked. Defendant was ordered to begin serving his sentences on 28 December 1992. On 23 December 1992 defendant gave notice of appeal from the conviction in Case No. 92 CRS 76921, and the revocation of probation in Case Nos. 92 CRS 92670 and 91 CRS 74187.

Counsel for defendant filed a brief with this Court stating that he was "unable to identify any issue with sufficient merit to support a meaningful argument for relief on appeal . . . [and requesting this Court] to review the record and to conduct a full examination for prejudicial error and to grant the appropriate relief, if any, to which the defendant may be entitled." In the brief the attorney acknowledged that he had not sent to the defendant "a copy of the transcript of the hearing, a copy of the Brief or notice to the defendant that he is entitled to submit a brief." Counsel for defendant states that he has made reasonable efforts to locate the defendant and has been unable to do so. Specifically, he states in his brief that there is currently an outstanding warrant for defendant's arrest issued upon his failure to report for the beginning of his sentence on 28 December 1992; mail sent to defendant's last known address has been returned; inquiry with the U.S. Postal Service reveals that defendant no longer resides at his last known address, and that he has provided no forwarding address; and repeated inquiries made with the North Carolina Department of Corrections reveal that defendant is not in custody in this State.

---

The issue presented is whether review of this case is permitted even though the defendant has not been given the necessary documents to conduct his own review of the case.

An attorney for a criminal defendant who believes that his client's appeal is without merit is permitted to file what has become known as an *Anders* brief. *See Anders v. California*, 386 U.S. 738, 18 L. Ed. 2d 493, *reh'g denied*, 388 U.S. 924, 18 L. Ed. 2d 1377 (1967). As a general rule, the defendant must be given "the necessary documents to conduct his own review of the case," *State v. Bennett*, 102 N.C. App. 797, 800, 404 S.E.2d 4, 5 (1991); *see State v. Kinch*, 314 N.C. 99, 102, 331 S.E.2d 665, 667 (1985) (counsel provided defendant with a copy of counsel's brief, the record, the transcript, and the State's brief), and

**STATE v. MAYFIELD**

[115 N.C. App. 725 (1994)]

"time . . . to raise any points [with the appellate court] that he chooses." *Anders*, 386 U.S. at 744, 18 L. Ed. 2d at 498. However, delivery of the necessary documents to the defendant is not required if the defendant's attorney has, after a diligent effort, been unable to locate the defendant and deliver the documents. *See Peacock v. State*, 404 So. 2d 1059 (Fla. 1981) (where notification to defendant was returned marked "return to sender," the record was nonetheless ripe for consideration); *People v. Goodman*, 318 N.E.2d 635 (Ill. App. 1974) (where the notice to the defendant of his opportunity to provide a brief on his own behalf was returned marked "address unknown," the appeal was nonetheless ripe for appellate review).

In this case, defendant's attorney has used all due diligence in attempting to notify defendant of his right to pursue his appeal *pro se*, and the fault of counsel's failure to so notify defendant must lie with defendant. Accordingly, defendant's counsel has fully complied with the holding in *Anders*, and the appeal is ripe for appellate review upon the record and briefs before us.

Pursuant to *Anders* and *Kinch*, we have conducted a full examination of all the proceedings in this case, and determine that this appeal is wholly frivolous.

No error.

Chief Judge ARNOLD and Judge MARTIN concur.