IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA18-290

Filed: 16 October 2018

Forsyth County, Nos. 15-JT-137-140

IN THE MATTER OF: D.A., A.A., L.A., L.A.

Appeal by respondents from order entered 1 December 2017 by Judge Lisa V.L. Menefee in Forsyth County District Court. Heard in the Court of Appeals 12 July 2018.

> *Gillette Law Firm, PLLC, by Jeffrey William Gillette, for respondent-appellant mother.*

> *Richard Croutharmel, for respondent-appellant father.*

> *Assistant County Attorney Theresa A. Boucher, for petitioner-appellee Forsyth County Department of Social Services.*

> *Administrative Office of the Courts, by GAL Appellate Counsel Matthew D. Wunsche, for guardian ad litem.*

MURPHY, Judge.

Respondent-Mother and Respondent-Father appeal from the trial court's order terminating their parental rights to D.A., A.A., L.A., and L.A.[1] Counsel for both Respondents filed no-merit briefs in accordance with Rule 3.1(d). N.C. R. App. P. 3.1(d). While we dismiss the appeals of both Respondents, the procedural posture requires us to address each appeal separately.

---

[1] Pseudonyms are used throughout this opinion to protect the identity of juveniles and for the ease of reading. See N.C. R. App. P. 3.1(b).

**RESPONDENT-MOTHER'S APPEAL**

On 18 April 2018, counsel for Respondent-Mother filed a no-merit brief pursuant to Rule 3.1(d) certifying that he had "made a conscientious and thorough review of the record on appeal" and "identified no issue of merit on which to base an argument for relief." In full compliance with Rule 3.1(d) counsel for Respondent-Mother sent a letter dated 18 April 2018 to Respondent-Mother informing her of her right to file a *pro se* brief, along with complete copies of the record on appeal and the trial transcript. "Respondent[-Mother]'s counsel complied with all requirements of Rule 3.1(d), and Respondent[-Mother] did not exercise her right under Rule 3.1(d) to file a *pro se* brief. No issues have been argued or preserved for review in accordance with our Rules of Appellate Procedure." *In re L.V., A.V.*, ___ N.C. App. ___, 814 S.E.2d 928, 929 (2018). Respondent-Mother's appeal is dismissed.

**RESPONDENT-FATHER'S APPEAL**

On 13 April 2018, counsel for Respondent-Father filed a no-merit brief pursuant to Rule 3.1(d) stating that "[a]fter a conscientious and thorough review of the record and the relevant law . . . I am unable to identify any issues with sufficient merit on which to base an argument for relief on appeal." However, Respondent-Father's counsel was unable to send a copy of the required documents to Respondent-Father in full compliance with Rule 3.1(d), stating in the no-merit brief:

> I have attempted to send [Respondent-Father] copies of
> this brief, the record on appeal, and the transcript along

with a letter indicating he can file his own *pro se* brief with instructions on how to do that. My attempts included trying to call his trial attorney at a number listed in the record, emailing his trial attorney, and calling [Respondent-Father] at a phone number listed in the record. However, my attempts to locate [Respondent-Father] have been unsuccessful. The trial attorney's phone number is incorrect and she has not emailed me back. I left a voicemail for the number listed for [Respondent-Father] in the record but I have not received a return call. I will continue to make efforts to locate him and provide him with the above-listed items. In the meantime, I will maintain the packet of items in my file. I have appended a copy of the instruction letter to this brief.

Rule 3.1(d) contains mandatory language requiring service on the represented individual concurrently with the filing of counsel's no-merit brief:

> Counsel *shall* provide the appellant with a copy of the no-merit brief, the transcript, the record on appeal, and any Rule 11(c) supplement or exhibits that have been filed with the appellate court. Counsel *shall* also advise the appellant in writing that the appellant has the option of filing a pro se brief within thirty days of the date of the filing of the no-merit brief and *shall* attach to the brief evidence of compliance with this subsection.

N.C. R. App. P. 3.1(d). After an initial review by this Court and in order to allow for full compliance with Rule 3.1(d), we requested that counsel for Respondent-Father attempt to serve him at two physical addresses found in the Record. On 16 July 2018, counsel certified that he mailed the no-merit letters to the addresses identified. However, on 3 August 2018, counsel further certified that both packages had been returned to him, one marked, "insufficient address," and the other marked, "VTF

RTS" (sic).[2]  Further, at trial, Respondent-Father testified and refused to divulge his address:

> *Petitioner's Counsel*: Where are you living?
>
> *Respondent-Father*: Now?
>
> *Petitioner's Counsel*: Yes.
>
> *Respondent-Father*: I live in my man cave.
>
> *Petitioner's Counsel*: And what is the address of your man cave?
>
> *Respondent-Father*: I give you my daddy's address.
>
> *Petitioner's Counsel*: No. Where is the address of your man cave?
>
> *Respondent-Father*: I'm not telling.
>
> *Petitioner's Counsel*: You're not telling?
>
> *Respondent-Father*: I told you that the last time.  No disrespect to this Court.

This case presents us with an issue of first impression in interpreting Rule 3.1(d)'s mandatory provisions when the client's failure to communicate his current address to appellant counsel frustrates counsel's compliance with the Rule.  We have considered guidance from Rule 5(b)(2)(b) of the Rules of Civil Procedure,[3] our decision

---

[2] We take judicial notice that UTF RTS is an often-used postal code for "Unable to Forward – Return to Sender."

[3] Respondent-Father's counsel's mailings constituted service under Rule 5:

in *State v. Mayfield,* 115 N.C. App. 725, 446 S.E.2d 150 (1994),[4] and RPC 223, an

ethics opinion issued by the North Carolina State Bar.[5]  Even assuming *arguendo*

---

(b) Service -- How made. -- . . .

Service under this subsection may also be made by one of the following
methods:

. . . .

(2) Upon a party: . . .
b. By mailing a copy to the party at the party's last known address or,
if no address is known, by filing it with the clerk of court.

N.C.G.S. §1A-1, Rule 5(b).
  Further, Respondent-Father's counsel's filing of the documents with the Clerk of this Court,
including a copy of the proposed letter, constituted service and the same was available to Respondent-
Father for inspection at any time.  N.C.G.S. § 7B-2901 (2017)("The [juvenile's parent] may examine
the juvenile's record maintained pursuant to this subsection and obtain copies of written parts of the
record without an order of the court[.]")
  [4] In an *Anders* setting, not subject to the requirements of Rule 3.1(d), we addressed the appeal
without requiring service on the client:

> In this case, defendant's attorney has used all due diligence in
> attempting to notify defendant of his right to pursue his appeal pro se,
> and the fault of counsel's failure to so notify defendant must lie with
> defendant. Accordingly, defendant's counsel has fully complied with
> the holding in Anders, and the appeal is ripe for appellate review upon
> the record and briefs before us.

*State v. Mayfield*, 115 N.C. App. at 727, 446 S.E.2d at 152.  Here, counsel for Respondent-Father used
all due diligence and this case would otherwise be ripe for appellate review.
  [5] RPC 223 states:

> When a client stops communicating with his or her lawyer, the lawyer
> must take reasonable steps to locate and communicate with the client.
> In the present inquiry, Attorney A's efforts to locate Client A were more
> than reasonable. However, if the lawyer is still unable to locate the
> client and the client has made no effort to contact the lawyer, the
> client's failure to contact the lawyer within a reasonable period of time
> after the lawyer's last contact with the client must be considered a
> constructive discharge of the lawyer. Rule 2.8(b)(4) of the Rules of
> Professional Conduct requires a lawyer to withdraw from the

that service was perfected in accordance with Rule 5(b)(2)(b) of the Rules of Civil Procedure, the appeal is otherwise "ripe for appellate review" and Respondent-Father's appellate counsel has been constructively discharged. However, given the constitutional right at issue in a termination of parental rights case, we hold that situations such as this must be considered on their own merits on a case-by-case basis. Due to the exhaustive efforts of counsel for Respondent-Father, and in the exercise of our independent discretion, we invoke Rule 2 to "expedite a decision in the public interest" and suspend the mandatory service requirement of Rule 3.1(d).

"Respondent[-Father] did not exercise [his] right under Rule 3.1(d) to file a *pro se* brief. No issues have been argued or preserved for review in accordance with our

representation of a client if the lawyer is discharged by the client. Therefore, Attorney A must withdraw from the representation.

Attorney A may not file a complaint on behalf of Client A although filing suit might stop the running of the statute of limitations. The determination of the objective of legal representation is the client's prerogative. As the comment to Rule 7.1 observes, "[t]he client has ultimate authority to determine the purposes to be served by legal representation within the limits imposed by law and the lawyer's professional obligation." If a client disappears, the lawyer cannot know whether the client wanted to proceed with the lawsuit, who the client was prepared to sue, and whether the allegations in the complaint are accurate. Therefore, if a client disappears and the lawyer is unable to locate the client after reasonable efforts to do so, the lawyer should withdraw from the representation without taking further action on behalf of the client.

*Responsibility to Client Who Has Disappeared*, N.C. STATE BAR (adopted 12 Jan. 1996), https://www.ncbar.gov/for-lawyers/ethics/adopted-opinions/rpc-223/.

Rules of Appellate Procedure." *In re L.V., A.V.*, N.C. App. at \_\_\_, 814 S.E.2d at 929. Respondent-Father's appeal is dismissed.

### **CONCLUSION**

Respondent-Mother did not file a *pro se* brief after counsel's full compliance with Rule 3.1(d) and her appeal is dismissed. After an individual consideration of the frustration of counsel for Respondent-Father's ability to fully comply with Rule 3.1(d)'s mandatory service requirement, we invoke Rule 2 to suspend that portion of Rule 3.1(d). Respondent-Father did not file a *pro se* brief and his appeal is dismissed.

DISMISSED.

Judge TYSON concurs.

Judge DIETZ concurs in result only.