McGEE, Chief Judge.
Respondent-Father ("Respondent") appeals from the trial court's order terminating his parental rights as to A.G.B. and D.G.B. ("the children"). Petitioner-Mother ("Petitioner") and Respondent are the biological parents of A.G.B. and D.G.B., although they never married.
Petitioner and Respondent entered into a parenting agreement that was incorporated into a trial court order on 18 February 2016. The parenting agreement gave the parties joint legal custody, with the children to reside in the primary care and residence of Petitioner, and provided Respondent with specified visitation. On 21 June 2016, the trial court ordered Respondent to pay child support to Petitioner in the amount of $ 414.46 per month, pursuant to an agreement between the parents.
Petitioner filed a petition to terminate Respondent's parental rights on 27 September 2017 ("the petition"), alleging grounds of willful failure to pay child support for one year or more, and willful abandonment. See N.C. Gen. Stat. § 7B-1111(a)(4), (7) (2017). Petitioner alleged Respondent had not visited the children since April 2016 and had not sent them cards, gifts, or letters for at least eighteen months. Petitioner also alleged Respondent was not supporting the children financially, and claimed he had made only one child support payment of $ 400.00 on or about 31 August 2017. Respondent filed an answer on 25 October 2017, denying the substantive allegations of the petition, and moved to dismiss the petition.
Following a hearing on 16 March 2018, the trial court concluded both grounds for termination alleged in the petition existed, and that termination of Respondent's parental rights was in the best interest of A.G.B. and D.G.B. The trial court entered an order on 30 April 2018 terminating Respondent's parental rights. Respondent appeals.
Pursuant to N.C. Rule of Appellate Procedure 3.1(d), Respondent's counsel has filed a no-merit brief on behalf of Respondent. Counsel states he conducted "a conscientious and thorough review of the record" and was "unable to identify any issues with sufficient merit on which to base an argument for relief on appeal." Respondent's counsel requests that this Court conduct an independent examination of the record for possible prejudicial error. In accordance with N.C.R. App. P. 3.1(d), counsel has demonstrated that he advised Respondent of his right to file written arguments in support of his appeal and provided Respondent with the necessary materials to do so. Respondent has not filed his own written arguments, and a reasonable time for him to do so has passed.
This Court is unable to find any prejudicial error in the trial court's order terminating Respondent's parental rights to A.G.B. and D.G.B. Our review of the record reveals that the termination order contains sufficient findings of fact, supported by clear, cogent, and convincing evidence, to conclude that Respondent willfully failed to pay child support for one year or more. See N.C. Gen. Stat. § 7B-1111(a)(4). Specifically, the trial court found, inter alia , that (1) Respondent was ordered to pay $ 414.46 per month in child support to Petitioner pursuant to the trial court's 21 June 2016 order; (2) Respondent had the ability to pay child support as indicated by his agreement to pay the monthly child support payment; (3) Respondent was employed and had income during 2016 and 2017; (4) the 21 June 2016 order had been in effect for approximately one year and two months prior to the filing of the petition, during which time Respondent had made a single payment to Petitioner of $ 400.00 on or about 31 August 2017; and (5) Respondent did not present sufficient evidence to rebut a presumption of Respondent's ability to pay child support. Based on these findings, the trial court concluded grounds existed to terminate Respondent's parental rights under N.C. Gen. Stat. § 7B-1111(a)(4). The trial court's adjudication of this ground alone supports termination of Respondent's parental rights. See In re Humphrey , 156 N.C. App. 533, 540, 577 S.E.2d 421, 426 (2003). Lastly, the trial court's findings reflect due consideration of the dispositional factors in N.C. Gen. Stat. § 7B-1110(a) (2017) and a valid exercise of its discretion in assessing the best interest of A.G.B. and D.G.B. We affirm the trial court's order terminating Respondent's parental rights.
AFFIRMED.
Report per Rule 30(e).
Judge BRYANT concurs.
Judge HUNTER, JR. dissents with separate opinion.
HUNTER, JR., Robert N., Judge, dissenting in a separate opinion.
I respectfully dissent from the majority affirming the trial court's order terminating Respondent's parental rights. Instead, I would dismiss Respondent's appeal.
Respondent's appellate counsel filed a no-merit brief on Respondent's behalf, pursuant to Rule 3.1(d) of the North Carolina Rules of Appellate Procedure. N.C. R. App. P. 3.1(d) (2018). Counsel demonstrated he advised Respondent of his right to file written arguments in support of his appeal and provided Respondent with the necessary materials to do so. However, Respondent did not file his own written arguments, and a reasonable time for him to do so has passed. Thus, "[n]o issues have been argued or preserved for review in accordance with our Rules of Appellate Procedure." In re L.V. , --- N.C. App. ----, ----, 814 S.E.2d 928, 929 (2018) (footnote omitted). See also In re D.A. , --- N.C. App. ----, ----, 820 S.E.2d 873, ---- (2018) ; In re I.P. , --- N.C. App. ----, ----, 820 S.E.2d 586, ---- (2018) ; In re L.E.M. , --- N.C. App. ----, ----, 820 S.E.2d 577, ---- (2018). Accordingly, I vote to dismiss Respondent's appeal. In re Civil Penalty , 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989) ("Where a panel of the Court of Appeals has decided the same issue, albeit in a different case, a subsequent panel of the same court is bound by that precedent, unless it has been overturned by a higher court.").