**2024 UT App 167**

## THE UTAH COURT OF APPEALS

AMERICAN FORK CITY,
Appellee,
*v.*
JERAMIE JOHN EDWIN LARGE,
Appellant.

Per Curiam Opinion
No. 20230670-CA
Filed November 15, 2024

Fourth District Court, American Fork Department
The Honorable Roger Griffin
No. 221100962

Hannah Leavitt-Howell and Jessica Hyde Holzer,
Attorneys for Appellant

James Hansen and Cherylyn M. Egner, Attorneys
for Appellee

Before JUDGES DAVID N. MORTENSEN, RYAN D. TENNEY, and
JOHN D. LUTHY.

PER CURIAM:

¶1　Jeramie John Edwin Large appeals his convictions on two misdemeanor charges. Appellate counsel filed a brief on appeal under the principles of *Anders v. California*, 386 U.S. 738 (1967), and *State v. Clayton*, 639 P.2d 168 (Utah 1981), asserting that there are no non-frivolous issues to review. We accept the brief and determine that the brief objectively demonstrates that there is no non-frivolous issue on appeal.

¶2　In *Anders*, the Supreme Court clarified "the responsibilities of appointed counsel who conclude that an indigent client's criminal appeal is without merit." *State v. Clayton*, 639 P.2d 168, 169 (Utah 1981). Counsel's "role as advocate requires that he

support his client's appeal to the best of his ability. Of course, if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw." *Anders v. California*, 386 U.S. 738, 744 (1967). Counsel must, however, file "a brief referring to anything in the record that might arguably support the appeal." *Id.* Additionally, a "copy of counsel's brief should be furnished the [appellant] and time allowed [the appellant] to raise any points that he chooses." *Id.* In Utah, the brief must also certify that counsel has provided a copy of the brief to the appellant and should incorporate any additional points raised by the appellant. *Clayton*, 639 P.2d at 170.

¶3 Here, appellate counsel has filed a brief stating that the appeal is frivolous. However, appellate counsel has not provided the brief to Large before filing—though not for lack of trying. Although Large sought to appeal and is aware of his appeal, he has not maintained contact with appellate counsel. Appellate counsel has documented multiple attempts, without success, to contact Large to provide the brief and obtain his input. Appellate counsel represents that attempts to contact Large were made at various physical addresses, email addresses, and phone numbers over the course of multiple months. Under these circumstances, where an appellant cannot be located after diligent efforts, the requirement for providing a copy of the brief to an appellant is excused. *See, e.g., In re A.S.*, 653 S.W.3d 298, 300 (Tx. App. 2022) (relieving counsel of the requirement to provide a copy of the brief to the appellant where an appellant was not found after diligent efforts); *State v. Mayfield*, 446 S.E.2d 150, 152 (N.C. Ct. App. 1994) (holding that delivery of a brief to an appellant is not required if counsel has been unable to locate the appellant after diligent efforts).

¶4 The brief objectively demonstrates that there is no non-frivolous issue. After an independent review of the record, we determine that the appeal is wholly frivolous. Accordingly, the

convictions are affirmed, and appellate counsel's motion to withdraw is granted.

_____